ESTHER G. SHAW vs. HOWARD W. POPE, EXECUTOR.

Third Judicial District, New Haven, June Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In construing the words of a contract regard should be had to the subject-matter, the context, and the intention of the parties.

The situation of the parties and the circumstances surrounding the transaction may always be considered as aids in arriving at the intention expressed or implied in the writing; and therefore the trial court may properly refuse to determine, upon demurrer, the construction of a power of attorney which lies at the basis of the plaintiff's case, and reserve that question until after the evidence has revealed such illuminating facts and circumstances.

A defense that the services for which the reasonable value is sought to be recovered, were rendered and paid for under an express and fully-executed contract, is not available unless specially pleaded in bar; and therefore cannot be made the ground of a motion to set aside, as against the evidence, a verdict for the plaintiff in such an action.

The decision of the trial judge in granting or refusing a new trial for a verdict against evidence, is entitled to consideration and weight in this court in reviewing his action upon appeal.

If a new trial is denied, a bill of exceptions filed by the appellee requires no consideration.

Argued June 13th—decided July 30th, 1907.

ACTION to recover for services rendered to the defendant's testatrix, brought to the Court of Common Pleas in New Haven County, where a demurrer to the first count was overruled, and the cause was afterward tried to the jury before *Bennett, J.;* verdict and judgment for the

plaintiff for $611.52, and appeal by the defendant for alleged errors in overruling his demurrer and in denying his motion to set aside the verdict as against the evidence. *No error.*

A Mrs. Jones, the defendant's testatrix, was in 1901 a woman somewhat advanced in years, feeble in health, and afflicted with curvature of the spine. She resided alone, and in July of that year arranged with the plaintiff, who was more or less experienced in caring for others, to become her attendant at the agreed price of $2.50 per week and board. Mrs. Shaw entered upon this service and contiuued to be paid at the rate named until September 4th, 1901. Upon that date, for reasons which the plaintiff offered evidence to show, the following writing was entered into:—

"I, Cordelia A. Blakeman, having the power of attorney to act for Mrs. Kate M. Jones, promise to pay Mrs. Esther G. Shaw the sum of ten dollars ($10.00) a week for services rendered, only paying twenty-five dollars ($25.00) a month while the said Mrs. Kate M. Jones lives, the remainder to be paid from her estate. This to date from Sept. 6th, 1901.
"CORDELIA A. BLAKEMAN."

Mrs. Shaw thereafter continued to minister to Mrs. Jones until April 1st, 1904, and was paid $25 a month during that time. At the time that said writing was executed, Mrs. Blakeman, who signed it, held a power of attorney under the hand and seal of Mrs. Jones, of even date therewith, the body of which was as follows:—

"Know all men by these presents that I, Mrs. Kate M. Jones, of the city and town of New Haven, County of New Haven, and State of Connecticnt, do hereby make, constitute, and appoint Cordelia A. Blakeman, of the town of Huntington, County of Fairfield, and State of Connecticut, my true, sufficient, and lawful attorney, for me and in my name to draw any money that I may have on deposit in any savings bank, and from the amount so drawn to pay any debts or debt that I may be legally obligated to pay, and generally to act as my attorney or agent in any place

in relation to the premises and all other matters in which I may be interested or concerned, and on my behalf to execute all such instruments, and to do all such acts and things, as fully and effectively in all respects as I myself could do if personally present."

Mrs. Jones having subsequently died, the plaintiff presented her claim to the defendant executor for the balance due her under the terms of said writing, and the same was disallowed. She thereupon brought this action in two counts. The first sought recovery upon a special contract alleged to have been made by Mrs. Jones through her attorney and agent, Mrs. Blakeman. By order of court the writing already recited was filed as the special contract sued upon, and said power of attorney was also, by like order, filed as the source of Mrs. Blakeman's claimed authority. The second count was upon the *quantum meruit.* To the first count the defendant demurred, for the reasons (1) that it did not appear that said written agreement was made by, or in the name of, or on behalf of, Mrs. Jones, and (2) that the power of attorney did not authorize Mrs. Blakeman to make said agreement. This demurrer was overruled. In his answer the defendant alleged, in connection with denials of sundry allegations of the first count, that Mrs. Jones was, at the time of the making of said agreement, of unsound mind and incapable of binding herself thereby. The general denial was pleaded to the second count. The plaintiff replied, denying the allegations of incapacity. Upon the trial the court instructed the jury that a verdict could not be rendered for the plaintiff upon the first count, for the reason that the subject-matter of the agreement made by Mrs. Blakeman was in excess of the authority conferred upon her by the power of attorney which defined the scope of her power, directed that their verdict should be for the defendant upon that count, and submitted to them the issues under the second count, with instructions pertinent thereto, concerning which no complaint is made. A general verdict for the plaintiff was returned.

*Charles F. Clarke* and *Ward Church*, for the appellant (defendant).

*Richard H. Tyner*, for the appellee (plaintiff).

PRENTICE, J.  The general verdict returned in this case, contrary to the instructions and directions of the court, renders it uncertain as a matter of record whether the issues under the first count were not found for the plaintiff. *Hoag* v. *Hatch*, 23 Conn. 585, 589.  No objection, however, was made to the rendition of judgment thereon, and no claim of irregularity or error based upon the form of the verdict has ever been suggested.  Counsel have assumed that the jury were not disobedient to the court's direction to limit their inquiry to the issues presented by the second count, and that the verdict resulted from a finding of those issues for the plaintiff.  Our discussion of the questions presented by the appeal must therefore proceed upon the same assumption.

The demurrer to the first count was properly overruled. Mrs. Blakeman's authority to act for Mrs. Jones in making the contract sued upon was distinctly averred, and the terms of the power of attorney expressing her authority and defining its scope were not such as to forbid the plaintiff's construction of them, whatever might be disclosed by the evidence as to the situation of the parties and the circumstances connected with the transaction.  Contracts are to be construed according to the words used, the subject-matter, the context, and the intention of the parties.  *Bigelow* v. *Benedict*, 6 Conn. 116, 121.  In arriving at the intent of the parties to a contract as expressed or implied in the language used by them, it is always admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence.  *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393, 23 Atl. 604.  General words following an enumeration of particular things may include other things not *ejusdem generis*, if such ap-

pears to have been the intention of the parties. *Raymond v. Clark*, 46 Conn. 129, 134. The court was quite right, therefore, in reserving the question of the construction of the instrument until such time as the situation of the parties and the circumstances surrounding its execution should be revealed by the evidence as aids in arriving at Mrs. Jones' expressed intent.

The error charged to the denial of the motion to set aside the verdict, is said to arise from (1) the legal impossibility of a recovery upon the *quantum meruit* under the admitted facts, and (2) the excessive amount of the verdict rendered.

The plaintiff testified that she began her services in the care of Mrs. Jones under a contract with the latter, and for the agreed price of $2.50 per week and board. She admitted that no other agreement was ever made with Mrs. Jones personally, and that she never gave Mrs. Jones notice of her termination of the original employment. Her statement was that her notice of termination was given to Mrs. Blakeman, who was the person who looked after Mrs. Jones and her interests and affairs; that this notice led to the agreement evidenced by the writing set out in the first count and signed by Mrs. Blakeman, who meanwhile had procured the execution by Mrs. Jones of the power of attorney, also a part of said first count, and of whose existence and contents the plaintiff was cognizant; and that her continued service thereafter was in reliance upon said last-mentioned agreement. The defendant contends that in view of the want of authority on the part of Mrs Blakeman to act for Mrs. Jones, the plaintiff must, under the circumstances, be held as a matter of law to be bound by the terms of her original employment.

It is quite clear that this conclusion is unsound, but in answer to the claim now made, it is sufficient to say that the only questions presented under the second count related to the rendition of the plaintiff's services as alleged, and their reasonable value. Had the defendant desired to defeat recovery upon this count by showing that the services, for which the reasonable value was sought to be re-

covered, were rendered under an express contract which fixed the amount to be paid therefor, and that such express contract had been fully executed by full payment, he should have so specially pleaded in bar. No such plea was filed.

The determination by the jury of the reasonable worth of the plaintiff's services is one which should be final, unless the injustice of it is so manifest and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality. *Brooks' Appeal*, 68 Conn. 294, 297, 36 Atl. 47. The trial judge has failed to find such a condition. We could not, upon the evidence which is before us, say that he was in error, even were we not, in reaching our conclusion, called upon, as we are, to give weight to his opinion. *Burr* v. *Harty*, 75 Conn. 127, 130, 52 Atl. 724.

The defendant has filed a bill of exceptions asking for the expression of this court's opinion as to the correctness of the trial court's instructions to the jury as to the authority conferred upon Mrs Blakeman by said power of attorney, and its direction to render a verdict for the defendant upon the first count. As a new trial is not granted, the questions thus presented need not be considered. General Statutes, § 804.

There is no error.

In this opinion the other judges concurred.