IDA SONNENBERG ET AL., EXECUTORS (M. SONNENBERG PIANO COMPANY), *vs.* JOHN P. DALEY.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A contract concerning the sale of a piano provided: "$250.00 allowed on No. 19783 Remington Piano (electric), $50.00 also allowed for money paid on previous Peerless Piano, making a total of $300. Know all men by these presents, that M. Sonnenberg Piano Co., . . . party of the first part, has delivered to John Daley, party of the second part, a 7 ⅓ octave Piano, style Peerless, made by Peerless Piano Co., numbered ——, and the party of the second part has received the same upon the following terms and conditions, to wit: The said party of the second part agrees to pay $30 at the time of signing this contract, and $30 on the 15th day of each and every successive month, . . . until the whole sum of $1,200.00 shall have been paid to the said party of the first part." *Held* that the allowance of $300 could not be considered as having paid the first ten payments of $30 each, so as to postpone the first cash payment ten months.

Contracts are to be construed according to the words used, the subject-matter, the context, and the intention of the parties; and in arriving at the intent of the parties as expressed or implied in the language

VOL. LXXXVI—1                                    (1)

used by them, it is admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence.

Argued June 4th—decided July 26th, 1912.

ACTION for breach of contract, brought to and tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered for the plaintiffs for $959, and appeal by the defendant. *No error.*

*Charles S. Hamilton* and *John J. Sullivan,* for the appellant (defendant).

*J. Birney Tuttle,* for the appellees (plaintiffs).

RORABACK, J. The complaint alleges a violation of a written agreement for the sale of a piano by a neglect to make payments upon the purchase price as they became due. The piano in question was delivered to the defendant September 13th, 1910, when the contract was executed. This action was commenced December 29th, 1910.

The contract in relation to payments provides: "$250.00 allowed on No. 19783 Remington Piano (electric), $50.00 also allowed for money paid on previous Peerless Piano, making a total of $300. Know all men by these presents, that M. Sonnenberg Piano Co., of New Haven, Connecticut, party of the first part, has delivered to John Daley of 205 Water Street, party of the second part, a $7^{1}/_{3}$ octave Piano, style Peerless, made by Peerless Piano Co., numbered ——, and the party of the second part has received the same upon the following terms and conditions, to wit: The said party of the second part agrees to pay $30 at the time of signing this contract, and $30 on the 15th day of each and every successive month, at 801 Chapel Street,

New Haven, Connecticut, until the whole sum of $1,200.00 shall have been paid to the said party of the first part."

The contract also provides that if the defendant should make default in respect to any of the conditions, all the instalments remaining unpaid shall, at the option of the plaintiffs, immediately become due and payable.

The facts alleged in the complaint were denied by the defendant, who interposed a second defense, which, in substance, averred that the piano was purchased by the defendant to be used in a "moving picture theater," and that it was defective, and not suitable for the purpose for which it was bought.

The court found that the piano was suitable for the purpose for which it was sold, was not defective, and that the defendant refused to make any monthly payments as required by the contract.

It also appears from the finding that on or about September 13th, 1910, "the defendant agreed to buy said piano, the price of which was twelve hundred dollars, and it was then agreed by the plaintiff and defendant that the plaintiff would reduce said price to nine hundred dollars by an allowance of two hundred and fifty dollars for the defendant's Remington Piano and fifty dollars on account of a former transaction between them, and that the first monthly payment of thirty dollars should be due and payable on October 15, 1910, and the same sum on the 15th day of each successive month, until nine hundred dollars more than said allowance, or twelve hundred dollars in all, had been paid."

Upon the trial the defendant claimed that the action had been prematurely commenced, and that the piano was defective. These claims were overruled, and judgment rendered for the plaintiffs to recover $959.

The assignments of error are summarized, in substance, as follows: The court erred in hearing evidence and finding that the price of said piano was $900, instead of $1,200, as fixed by the written agreement between the parties on which this action was brought, and in attempting to find and make a new agreement for the parties, variant and different from that contained in the written contract. The court erred in ruling and holding that said action had not been prematurely brought, and in not holding that at the time of the commencement of this action there was nothing whatever due the plaintiff ⌐

The important inquiry is whether a cause of action existed on the 29th day of December, 1910, when this action was commenced. The answer to this question depends upon the construction of the agreement evidenced by the writing set out in the complaint.

The defendant contends that the obvious interpretation of the contract is that the piano is sold for $1,200, and upon delivery the purchaser is to pay $30—not necessarily in cash (it may be paid in anything that the plaintiff is willing to accept in lieu of cash); and that on each successive 15th day of the month the defendant was to pay $30 in cash, or its equivalent, until the entire sum of $1,200 was paid, giving to the defendant a period of credit of three years and three months.

This contention is unsound, and contrary to the terms of the contract. No good reason has been offered why it should be inferred from the written agreement that the allowance of $300 should be used to take the place of the first ten payments referred to in another part of the contract. The matter of allowance is in the first paragraph of the contract, and relates exclusively to the reduction that was to be made on account of the Peerless and Remington pianos. Although connected with and made a part of the written agreement, yet its

connection with and relation to other portions of the contract is such that it seems fair to infer that the parties did not intend that it should have any significance in fixing the amount of the monthly instalments that were to be paid, and the date when these payments should be due. It is explicitly stated in the contract that these payments were to be made as follows: $30 at the time of the signing of this contract, and $30 on the 15th day of each and every successive month. What did the parties intend by the insertion of these provisions, and what significance did they intend for them in their relation to the other provisions with which they were associated? Contracts are to be construed according to the words used, the subject-matter, the context, and the intention of the parties. "In arriving at the intent of the parties to a contract as expressed or implied in the language used by them, it is always admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence." *Shaw* v. *Pope*, 80 Conn. 206, 209, 67 Atl. 495.

When the writing in question was made, the parties concerned in it knew the amount of the deduction that should be made on account of former transactions. This had been fixed and settled under such circumstances that the insertion, in another portion of the writing, of the stipulation as to the amount and date of the payment of the monthly instalments is of importance, and conveys a declaration of the intention of the parties in unmistakable language. It is plain from the language used in the contract and the circumstances surrounding the transaction that the obligation to pay the balance of the purchase price of $900 was not to be delayed ten months. In the language of the contract itself, $30 was to be paid at the time the contract

was signed, and $30 on the 15th day of each and every successive month thereafter.

It is unnecessary to consider the effect of the admission of the evidence relating to a verbal arrangement between the parties as to the reduction in price of the piano on account of the former transactions between them, and the amount of the monthly instalments, and when they should become payable. Upon the trial no objection was made to this evidence, and no claim was presented by the defendant that the pleadings were insufficient for the plaintiffs' recovery thereon; and we have already held that, by the true construction of the written agreement, $30 was to be paid when the contract was signed, and $30 on the 15th day of every successive month thereafter. These payments not having been made, the whole sum was due, at the election of the plaintiffs, when the suit was brought.

There is no error.

In this opinion the other judges concurred.