D. M. EVANS, *as Sheriff of Washington County, et al.*, v. *Emanuel Rothschild et al.*

1. DEPOSITIONS — *Simultaneous Taking at Different Places.* Where notices are served to take depositions at two different places on the same day, the party on whom the service is made may attend at either place he chooses, and disregard the other notice; and the depositions taken at the same time at the place where he does not attend should, on his motion, be suppressed.

2. ———— *Presence of Adverse Party.* The party adverse to the one taking depositions has a right, if he chooses, to be personally present at the taking of any deposition pursuant to a notice, as provided by § 352 of the code.

3. FRAUDULENT PURCHASE — *Affirmance by Vendor — Suit for Price.* Where a party having full knowledge of all the material facts affecting his rights with reference to goods sold by him to a purchaser who is charged with having obtained them fraudulently, and intending never to pay for them, sues for the purchase price of the goods, he thereby elects to affirm the sale, and cannot thereafter maintain an action to recover the specific property because of the fraudulent purpose of the purchaser.

*Error from Washington District Court.*

REPLEVIN by *Emanuel Rothschild & Bros.* against *Evans*, as sheriff, and others. Judgment for plaintiffs. The defendants bring the case here. The opinion states the facts.

*Omar Powell*, for plaintiffs in error.

*T. P. Roney*, and *J. W. Rector*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This was an action of replevin, brought by the defendants in error, as partners under the firm name of E.

Rothschild & Bros., against the sheriff of Washington county, to recover certain merchandise. On his own application, William Morrison was made a party, and answered, claiming ownership of the property in controversy. On the 22d of October, 1890, the plaintiffs served a notice on the attorney for the sheriff that they would take depositions in Chicago on the 28th of October, 1890, between the hours of 8 o'clock A. M. and 6 o'clock P. M. They also, at the same time, served another notice that they would take depositions on the day stated in the other notice in St. Joseph, Mo. The defendant appeared by attorney and attended the taking of depositions at St. Joseph, but did not appear at Chicago. Before the commencement of the trial, the defendants duly excepted to the depositions taken at Chicago, on the ground that they had elected to appear and attend the taking of the depositions at St. Joseph, and that they could not be required to attend in two places distant from each other, at the same time. The court overruled the exceptions and permitted both depositions to be read at the trial.

Section 352 of the code of civil procedure provides for the service of a notice of the time and place of taking depositions, as follows: "The notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service." Does this permit the service of two or more notices to take depositions at places widely separate from each other, on the same day, provided only the notice is served in sufficient time to give the party an opportunity to go to either place designated? We think the spirit, if not the letter, of the statute clearly prohibits any such practice. Where testimony is taken by deposition, it is in one sense a part of the trial of the cause, and the only chance given to the opposing party to confront the witnesses whose depositions are taken under the notice is to attend before the officer who takes them. The only opportunity to apply the tests necessary to correct errors or detect falsehood in the statements drawn out on direct examination is that afforded by

cross-examination at the same time. A party to an action has a right, if he deems it necessary, to be personally present when depositions are being taken affecting his interests. He is not required to employ a multitude of attorneys to protect his interests at different places on the same day, nor does the fact that he chooses to intrust his interests to the care of an attorney other than the one who tries the case for him at one place require him or his principal counsel to attend on the same day at another place. A reasonable construction of the statute, in the light of its evident purpose, constrains us to hold that a party giving notices to take depositions at different places must so arrange the times as to allow the adverse party to attend each one, and that sufficient time must elapse after the conclusion of the taking of one deposition to allow the party at least time sufficient to reach the place where another is to be commenced. (Weeks, Dep., § 264; *Fant v. Miller*, 17 Gratt. 187.) As the testimony included in the deposition taken at Chicago is of vital importance to the plaintiffs' case, and as the defendant had no opportunity to appear and cross-examine the witnesses, the error in refusing to suppress the deposition compels a reversal of the case.

Another question is presented by the record, which, on a new trial of the action, will necessarily come up for consideration. The goods in controversy were sold by the plaintiffs below to Wheeler & Co. It is claimed in this action that Wheeler & Co. did not intend to pay for them at the time of purchase, but obtained them with a purpose to defraud the plaintiffs of their value. Before this action was commenced, another suit was brought by the same parties to recover the value of the goods, and an attachment was issued in that action against the property of Wheeler & Co. Afterward, the plaintiffs filed a motion to dismiss that action, and then commenced this for the recovery of the specific property. The defendants asked the court to charge the jury that if the plaintiffs, with full knowledge of the facts, commenced a suit in attachment on their claim, they thereby ratified and affirmed the sale, and cannot afterward maintain an action to

recover back the goods. The court should have instructed the jury on this point. A party cannot pursue two inconsistent remedies. If the plaintiffs were informed of all the facts with reference to the fraudulent purposes of Wheeler & Co. at the time they brought the attachment suit, by commencing that suit they elected to affirm the sale and recover the purchase price of the property. After making such an election, they cannot, merely because they deem an action to recover the specific property likely to produce more substantial results, abandon that election and make the inconsistent claim that the title to the property never passed by the sale, because of the fraud of Wheeler & Co. Of course, if the first suit was unauthorized, and not ratified by the plaintiffs, they would not be bound; but if the attorney who brought the suit had authority to act for the plaintiffs, and did act for them, his knowledge would be their knowledge, and they would be bound by the steps taken by him. (*Plow Co. v. Rodgers,* 53 Kas. 743.) The judgment is reversed, and a new trial ordered.

All the Justices concurring.