FANNIE E. ANDERSON *vs.* BENSON F. SNYDER.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The determination of issues of fact upon conflicting evidence falls within the province of the jury, and their decision is final unless it is so manifestly unreasonable as to violate our familiar rule.

A verdict ought not to be set aside merely because the trial judge does not agree with the jury as to which party had the preponderance of the evidence.

In an action to recover damages for fraud in obtaining the plaintiff's real estate for less than it was worth, the measure of damage is the difference between the actual value of the property at the date of its sale and the sum the defendant paid for it; and therefore an instruction which authorizes the jury, in determining damages, to consider the increased value of the property at the time of the trial, of which there was some evidence, is erroneous and prejudicial to a losing defendant.

Under our statute (§ 679) and practice relating to the taking of depositions, the adverse party has a legal right to be present and aid his attorney in the cross-examination of the deponent; and the possibility of an injurious effect upon the health of the deponent,

in being confronted by the adverse party, furnishes no adequate reason for not conforming to the regular procedure.

Instances may occur where the refusal to permit the adverse party to be present would not affect the testimony taken or the trial of the cause; and in such cases the admission of the deposition in evidence, although objected to, would be treated as harmless; but where the action is one for fraud, depending upon a question of veracity between the plaintiff, whose deposition is taken, and the defendant, the latter is entitled to the benefit of the moral effect which his presence may produce upon the deponent, and if he is excluded, the deposition taken under such circumstances should not be received in evidence, if objected to upon that ground.

Argued January 16th—decided February 21st, 1917.

ACTION to recover damages for inducing the plaintiff by fraud and deceit to part with her real estate for less than its value, brought to the Superior Court in Fairfield County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $750, and appeal by the defendant. *Error and new trial ordered.*

*Robert H. Gould* and *John Smith,* for the appellant (defendant).

*Frank L. Wilder,* with whom was *Henry E. Shannon,* for the appellee (plaintiff).

WHEELER, J. Trial was had upon a complaint in which the plaintiff alleged that she had employed the defendant as a real-estate agent to sell her property, and that he, taking advantage of his position as such agent, falsely and fraudulently misrepresented the value and condition of her property and thereby induced the plaintiff to sell the same to him at less than its present value. The plaintiff claimed to recover $2,000 damages. The defendant's answer was practically a general denial.

Upon the appeal from the denial of the motion to set aside the verdict, the defendant claims that there

was no proof that he ever became the agent of the plaintiff or practiced the fraud as alleged. Defendant's counsel grants that there was such evidence; but he denies its sufficiency, because he asserts that the overwhelming preponderance was against the plaintiff's claim of agency and fraud. Upon these points there was conflicting evidence, and while the trial court was of the opinion that the preponderance of the proof was with the defendant, it did not feel that it could hold the action of the jury to be so unreasonable as to justify it in setting the verdict aside.

The ruling was correct. The issues were issues of fact, to be decided upon conflicting evidence, and for the sole and final decision of the jury, unless the evidence plainly showed that the decision of the jury was so unreasonable as to violate our familiar rule. Our examination of the evidence does not so indicate. *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 19, 96 Atl. 169; *Shaw* v. *Pope*, 80 Conn. 206, 211, 67 Atl. 495.

Complaint is made concerning the charge as to the measure of damage. The court instructed the jury that "the damage would be the difference between its present value at the time (it appears from the title that the property is still owned by the defendant) and what the defendant paid for it."

Under our rule, in actions of fraud in sales of personalty or realty, "the measure of damages is . . . the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented and warranted to be." *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 135, 39 Atl. 104. The trial court may have been led inadvertently into its mistake, by the allegation of the complaint of the value of the property sold at the present time.

The plaintiff insists that the charge, though incorrect, was harmless, since there was no evidence before the jury of the present value of the property, but only of the value of the property at the time of the sale; and that the court pointed this out to the jury and instructed them that the evidence of the value at the time of sale might be taken as evidence of value at the present time, in the absence of evidence to the contrary. The supplemental instruction asked for by the jury, concerned the point whether the "value should be taken of the property at the present time, or at the time of the transfer of the property." The court repeated its instructions, adding that it "recalled no evidence adduced in the trial that expressly showed that the value had been increased or diminished since that date, other than perhaps there was by some of the witnesses a statement to the effect that values in that vicinity had since this transaction been improving, but no express evidence as to what the value of this property was at the present time, as I recall in terms."

The attention of the jury was thus explicitly directed to the evidence which had been admitted of the increase in value of property in this neighborhood from the transfer to the present time. They were at liberty to consider this increased value in fixing the present value, and we are not satisfied that they did not do this. Indeed, the amount of the verdict tends to indicate that that is what they did do; for if the assessment had been made upon the values as testified to by the several witnesses, the highest value at the time of the transfer would have been found to have been $4,000, and to support the verdict it must have been found to have been $4,250.

The plaintiff offered her own deposition in evidence, taken after due notice at her residence. The defendant objected to its admission, because prior to its taking

he, by his attorney, had demanded that he be permitted to be present at its taking, and the attorneys for the plaintiff had refused to permit him to be present. The reason for taking the deposition of the plaintiff was on account of her age and physical infirmities, and her attorneys objected to the presence of the defendant because of the effect it would have upon the plaintiff. So far as appears, the notary, instead of ruling upon the objection, permitted the plaintiff's attorney to rule in his stead.

The statute (§ 679) provides for reasonable notice of the taking of the deposition to be given "to the adverse party or his known agent or attorney," and that the authority taking the deposition shall "certify whether or not the adverse party or his agent was present." The notice required is one which gives the adverse party a fair opportunity to cross-examine the witness. *Phelps* v. *Hunt*, 40 Conn. 97, 101. It also gives the adverse party the opportunity to compel the observance of the statutory requirements. The taking of the deposition is a part of the trial. In many cases the cross-examining attorney cannot anticipate, no matter how thorough his preparation, the developments in the examination of a witness. He cannot know all that his client knows. Oftentimes it is essential for the proper presentation of the case to have the client at hand ready to prompt the cross-examiner and to respond to his inquiries. The object of the trial is the ascertainment of the truth. The presence of a party to the litigation who is conversant with the facts which the witness is to relate, not infrequently produces upon him a moral effect and serves as a deterrent to an untruthful statement. For these reasons we think each party to a litigation has the undoubted right to be present at the trial. An occasion may arise where, to prevent a similarity of statements by different wit-

nesses, the court may exclude any witness, including a party to the litigation, from the court room, but this is a power to be sparingly exercised and only upon clearest grounds so far as the party is concerned. So, we think, the party to the litigation has the right to be present at the taking of a deposition. The possible effect upon the health of the witness, in being confronted by the party, is no adequate reason for not conforming to the regular procedure. Unless the party to the litigation can conform to the established procedure in the case of all witnesses, she should forego the advantage which she thinks will result from the taking of her deposition. We can conceive of instances where the preventing of the presence of a party would plainly not affect the testimony taken or the case tried. In such instances the ruling must be held to have been harmless. The character of the testimony, and its importance may decide this point. But this instance is not of that kind. The action was one of fraud, depending upon a question of veracity between the plaintiff and the defendant. If the finding that the defendant did not suffer, through his absence, in the cross-examination had, and that the attorneys were not in consequence deprived of the knowledge of facts of which the defendant could have informed them, be accorded the fullest weight, it remains that the defendant may have been deprived of the moral effect which his presence might have produced upon the plaintiff. It is possible the interview to which the plaintiff testified might have appeared materially different had it been given with the eye of the other party to the interview upon the witness. We think it the fairer and better practice to permit the presence of the adverse party at the taking of a deposition; and, so far as we are informed, this has been our practice. The authorities, as our examination discloses, support our view. *Evans* v. *Roths-*

*child*, 54 Kan. 747, 749, 39 Pac. 701; *Fant* v. *Miller &
Mayhew*, 58 Va. (17 Gratt.) 187, 226; *Carpenter* v.
*State*, 58 Ark. 233, 240, 24 S. W. 247; *Blair* v. *Bank of
Tennessee*, 30 Tenn. (11 Humph.) 84, 89; *Pratt* v. *Battles*,
34 Vt. 391, 399; *Weeks* on Depositions, § 264; *Cole* v.
*Hall*, 131 Mass. 88.

The result reached makes unnecessary consideration
of other rulings on evidence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.