REGINALD H. HELFFERICH ET AL. *v.* IDA F. FARLEY ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 20567
                         TOLLAND

Memorandum filed July 24, 1980

*Gilman & Marks,* for the plaintiffs.

*Labelle, Rothenberg, Woodhouse & Rubinow,* for the defendants.

JOHN F. SHEA, JR., J. The defendants have moved for an order authorizing them to take the depositions of each of the two plaintiffs without the presence of the other plaintiff. The defendants have

cited as reasons for the motion the claims that the credibility of the plaintiffs is an essential issue and that separate depositions would prevent one plaintiff from shaping his answers to corroborate the testimony of the other. The plaintiffs have objected to this motion on the basis that both plaintiffs are parties to the action and therefore have a right to be present during the taking of any deposition.

The taking of a deposition is a part of the trial and each party to a litigation has an undoubted right to be present at the trial. *Anderson* v. *Snyder,* 91 Conn. 404, 408. The right of a party to be present during the course of a trial is basic to the trial process. See *Georgia Railroad & Banking Co.* v. *Tice,* 124 Ga. 459; *Kopplin* v. *Kopplin,* 330 Ill. App. 211, 215.

There is authority for the proposition that in rare occasions a court may exclude a party to litigation during the course of a trial, but this power must be exercised sparingly and only upon the clearest grounds. *Anderson* v. *Snyder,* supra, 409. The defendants have not presented adequate grounds to lead the court to the conclusion that perjury would be committed in this case if the motion for separate depositions was not granted.

Section 244 of the Practice Book provides, regarding depositions, that reasonable notice must be given in writing to all other parties to the action. The obvious reason for this rule is to provide all other parties with an opportunity to exercise their right to attend the deposition.

The court feels that since the taking of a deposition is part of the trial proceeding and under certain circumstances the deposition itself may be introduced as evidence, all parties have a right to be present. For the foregoing reasons, the objection to the motion for separate depositions is sustained and the motion for separate depositions is denied.