## ETHEL F. DONAGHUE ET AL. *v.* NURSES REGISTRY, INC., ET AL.

SUPERIOR COURT         JUDICIAL DISTRICT OF         FILE No. 286281
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 20, 1984

*Hoppin, Carey & Powell,* for the plaintiffs.
*Cabot & Cabot,* for the defendants.

M. HENNESSEY, J. The named plaintiff's duly appointed successor conservator brings this action for injuries sustained by the named plaintiff alleging that she fell from her bed while under the supervision and care of nurses Olson and Patterson. The plaintiffs allege, inter alia, that the defendants Olson and Patterson failed to use reasonable care in tending to Ethel F. Donaghue, an incapable person, and left her unsupervised during the time they were responsible for her well-being.

The plaintiffs noticed the depositions of both Olson and Patterson to be held on June 28, 1984. Upon the defendants' arrival at the designated location for the deposition, the plaintiffs' counsel advised the defendants that their depositions would be taken outside of the presence of each other. The defendants objected and the parties agreed to submit this question to the court for a decision.

On July 5, 1984, the plaintiffs filed a motion for sequestration of the parties, which was granted by the court. The defendants have presently moved for the court to articulate its reason for granting the plaintiffs' motion for sequestration.

It is clear that the taking of a deposition is a part of the trial and each party has the undisputed right to be present at the trial. *Anderson* v. *Snyder,* 91 Conn. 404, 408, 99 A. 1032 (1917); *Helfferich* v. *Farley,* 36 Conn. Sup. 333, 334, 419 A.2d 913 (1980). Nevertheless, as the court in *Anderson* acknowledged: "An occa-

sion may arise where, to prevent a similarity of statements by different witnesses, the court may exclude any witness, including a party to the litigation, from the courtroom, but this is a power to be sparingly exercised and only upon clearest grounds so far as the party is concerned." *Anderson* v. *Snyder,* supra, 408–409; see also *Helfferich* v. *Farley,* supra.

The matter at hand presents adequate grounds to invoke the exception advanced in *Anderson.* Here, the named plaintiff is incompetent and unable to relate to her conservator or to her counsel the events surrounding her accident. The only available witnesses to the incident are the defendant nurses. To allow the defendants to be present at each other's deposition might provide them the opportunity to compare and alter statements to ensure their consistency, thereby frustrating the plaintiffs' efforts to discover the facts. Moreover, the named plaintiff will be unable to contradict the defendants' statements.

Accordingly, to prevent the possible similarity of statements, the plaintiffs' motion is granted.