ZBIGNIEW S. ROZBICKI *v.* HELEN HUYBRECHTS
(8084)

SPALLONE, O'CONNELL and FOTI, Js.

Argued January 31—decision released June 26, 1990

*Wesley W. Horton,* with whom, were *Karen L. Murdoch,* law student intern, and, on the brief, *Francis J. MacGregor,* for the appellant (plaintiff).

*Alfred B. Mencuccini,* for the appellee (defendant).

O'CONNELL, J. The dispositive issue in this appeal is whether a party to a civil action has a right to be present during jury selection. We conclude that he has this right and that the trial court should have granted the plaintiff's motion for a continuance so that he could be present.

The facts are not in dispute. The plaintiff, a practicing attorney, was in Hartford representing a client in the trial of a law suit when the present case, in which he is the plaintiff, was reached for trial in Litchfield. Through his counsel, the plaintiff requested a continuance in the Litchfield case so that he could be present in order to assist in jury voir dire. The court, *Dranginis, J.,* denied his request, and jury selection proceeded without him. When jury selection was completed, the proceedings were suspended until the plaintiff finished the Hartford trial and could be present in

Litchfield. The jury returned a defendant's verdict on the complaint and on the defendant's counterclaim and awarded the defendant $8020.60 in damages.[1] The plaintiff's motion to set aside the verdict was denied.

In denying the plaintiff's request for a continuance, Judge Dranginis recognized that the plaintiff had a right to be present during voir dire but suggested that he had waived that right by proceeding with the Hartford case. The court remarked that the plaintiff was faced with a conflict between his personal interests and his professional obligations to his client and implied that the plaintiff improperly gave his professional obligations priority over his personal affairs. In denying the posttrial motion to set aside the verdict, the trial court, *Moraghan, J.*, did not discuss waiver, but instead questioned whether a party in a civil case had a right to be present during jury selection.

We start our analysis with the observation that the seventh amendment to the United States constitution, which guarantees the right to a jury trial in civil cases involving more than $20, applies only to actions in federal court. *Gluck* v. *Gluck,* 181 Conn. 225, 227, 435 A.2d 35 (1980); *Colt* v. *Eves,* 12 Conn. 243, 252 (1837). In Connecticut, the right to have issues of fact decided by a jury is rooted in article first, § 19, of the Connecticut constitution. *Henauer* v. *Corsica,* 157 Conn. 49, 53, 244 A.2d 611 (1968).

Although Connecticut courts have not addressed the precise question presented here, our Supreme Court has recognized that jury selection is an integral part of the trial process. In *Antel* v. *Poli,* 100 Conn. 64, 123 A. 272 (1923), jury selection was in progress and ten jurors were in the jury box when the plaintiff was car-

---

[1] The plaintiff brought this action for recovery of legal fees and the defendant counterclaimed for damages arising out of the sale of her residence to the plaintiff and bank charges incurred in a related foreclosure action.

ried into the courtroom on a stretcher amid continuous exclamations of pain clearly audible to all persons in the courtroom. 257 Rec. & Briefs 20, 44 (1923). The *Antel* court held that the plaintiff had a right, as a party, to be present at this stage of the trial as long as the trial court took steps to prevent a repetition of such theatrical behavior.[2] *Antel* v. *Poli,* supra, 69.

Courts have long recognized that a defendant in a criminal case has a right to be present during all phases of the trial, including jury selection. *Hopt* v. *Utah,* 110 U.S. 574, 4 S. Ct. 202, 28 L. Ed. 262 (1884); *United States* v. *Crutcher,* 405 F.2d 239 (2d Cir. 1968); *Boone* v. *United States,* 483 A.2d 1135, 1137 (D.C. 1984); *State* v. *Drakeford,* 202 Conn. 75, 79, 519 A.2d 1194 (1987). In criminal prosecutions, it is important that the defendant be present for jury selection because he "has peculiar knowledge about the facts of the alleged incident which brings him before his peers for judgment . . . . No matter how extensive or involved were prior discussions with his lawyer, what may be irrelevant when heard or seen by his lawyer may tap a memory or association of the defendant's which in turn may be of use to his defense." *Boone* v. *United States,* supra, 1137–38.

This reasoning applies with equal force to civil cases, and our Supreme Court has used similar language in holding that a party has a right to be present during a deposition. *Anderson* v. *Snyder,* 91 Conn. 404, 99 A. 1032 (1917). In an analysis singularly applicable to the question presented here, the *Anderson* court determined that "[t]he taking of the deposition is a part of the trial. In many cases the cross-examining attorney cannot anticipate, no matter how thorough his prepa-

[2] We note that in *Antel* v. *Poli,* 100 Conn. 64, 123 A. 272 (1923), the plaintiff was an actress alleging injuries suffered while appearing in a Hartford theatre.

ration, the developments in the examination of a witness. He cannot know all that his client knows. Oftentimes it is essential for the proper presentation of the case to have the client at hand ready to prompt the cross-examiner and to respond to his inquires." Id., 408. It is equally important that a party be at his attorney's elbow during examination of prospective jurors.

While our decision is not limited to the facts of this case, the rule we discuss today applies with particular significance to this plaintiff. He is an attorney who has been in active practice in Litchfield county, the area from which the jurors were drawn, for more than twenty years. The nature of his law practice has brought him into adversarial contact with many persons, families and groups in the county in which the case was to be tried. It could be expected that his face would be familiar to prospective jurors who could not identify him by name and vice versa. It was, therefore, important that prospective jurors could look upon the plaintiff and that he could look upon them. His familiarity with the people and the community would have been of inestimable assistance to his counsel in the voir dire process.

Our holding that a party has a right to be present during jury selection in a civil case does not conclude our analysis, however. We must determine whether the plaintiff had waived his right to be present by electing to fulfill his professional obligations in Hartford rather than be present during the voir dire in his own law suit in Litchfield. Notwithstanding that giving preference to professional responsibilities over personal considerations has ethical appeal, this case does not present such a dilemma.

Approximately four weeks before this case was reached for trial in Litchfield, the plaintiff started a trial in Hartford in which he was representing one of

the parties. The plaintiff began the Hartford trial on the express order of the administrative judge there. Thus, he was not in any way making an election between the Hartford case and the Litchfield case but was instead simply obeying the order of the Hartford judge. The plaintiff could not abandon the Hartford case midstream to participate in the Litchfield voir dire, and we refuse to interpret the plaintiff's appropriate behavior as a waiver of his right to be present at jury selection in his own case.

Since our decision on the voir dire issue will require a new trial we do not reach any of the other claims.

The judgment on the complaint and on the counter-claim is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.