## IN RE CHRISTOPHER A. ET AL.*
### (7459)

DALY, NORCOTT and FOTI, Js.

Argued December 12, 1989—decision released August 21, 1990

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Diane W. Whitney,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellant (petitioner).

*Patsy M. Renzullo,* with whom, on the brief, was *John C. Dillman,* for the appellee (respondent).

*Donald L. Mackie,* for the minor children.

DALY, J. The dispositive issue on appeal is whether the designated representative of the petitioner, the commissioner of the department of children and youth services (DCYS), is a party to a termination of parental rights proceeding and, if so, whether the trial court should have allowed this representative to be present during this proceeding. We conclude that the designated representative is a party whose presence should have been allowed by the trial court in this case.

The following facts are relevant to the disposition of this appeal. On August 24, 1984, the respondent father was convicted of manslaughter in the stabbing death of his wife, which occurred on September 26, 1982, and was sentenced to a term of imprisonment of fifteen years. The husband and wife had two children during their marriage. Christopher was born on May 18, 1976, and Michael was born on August 12, 1978.

In December, 1983, the children were placed with DCYS. On July 18, 1984, with the respondent father's consent, the children were adjudged uncared for and committed to DCYS for eighteen months pursuant to General Statutes § 46b-129. That commitment was extended for an additional eighteen month period on April 2, 1987. Since their commitment to DCYS, the

children have lived together in two foster homes and were placed in a third foster home at the time of the termination proceeding.

On October 22, 1987, Wayne A. Kamens, acting as the duly authorized agent of the commissioner of DCYS, petitioned to terminate the parental rights of the father, alleging (1) that the father had failed personally to rehabilitate himself, pursuant to General Statutes § 17-43a (b) (2), (2) that the children had been denied by reason of acts of parental commission or omission the care, guidance or control necessary for their physical, educational, moral, or emotional well being, pursuant to General Statutes § 17-43a (b) (3), and (3) there is no ongoing parent-child relationship pursuant to General Statutes § 17-43a (b) (4). The third allegation was subsequently withdrawn.

At the start of the proceedings, on June 8, 1988, Diane Whitney, who was assistant attorney general, counsel for the petitioner, stated for the record that the following people were present: (1) attorney Patsy Renzullo, representing the respondent father, (2) attorney Donald Mackie, representing the children, (3) Thomas A., the respondent father, (4) Barbara A., the respondent's present wife, (5) Kathleen Miller-Schuyler, a caseworker for DCYS, (6) Roseann Gesmonde, the respondent's sister, and (7) Whitney, representing DCYS. After setting forth who was present, Whitney requested that Gesmonde leave because she was not "appropriately here." The court agreed and stated, "Parties certainly have a right to be here, but other than that, I don't think it is appropriate that anyone else attend." Renzullo, the respondent's attorney, argued that Gesmonde would be testifying and that she wanted to be present. The court responded, "If she is going to testify, she especially may not attend. What I am going to do is not permit the attendance of witnesses except during the times they testify. In other

words, on the court's own motion, which I think is appropriate in this court. So for two reasons, one, I don't think persons other than the parties should be present during the proceeding. Secondly, if she is going to testify, she should not be present . . . ." The court also applied this ruling to Barbara A. The respondent objected to the court's rulings that prevented these persons' presence, but there was no objection by anyone present to the court's ruling to sequester witnesses.

Following this ruling, the court heard several motions filed by DCYS. The respondent then questioned the presence of Miller-Schuyler in the courtroom, arguing that this witness should not be present because having someone from the state would be an "intimidating factor." The court stated, "She will not be [present] . . . . As I said, we are going to sequester witnesses." Whitney then objected to this ruling stating that Miller-Schuyler, as an agent of DCYS, was a party and had a right to be present. The court reserved its ruling. Miller-Schuyler was then called as DCYS's first witness. After she testified, the following colloquy occurred:

"Ms. Whitney: Your Honor, I have a problem first. The question of whether Kathleen Miller-Schuyler can be in the the courtroom.

"The Court: No.

"Ms. Whitney: She is my client.

"The Court: No.

"Ms. Whitney: May I have an exception to that ruling, Your Honor?

"The Court: I mean, you can—she is your client. You can have one hundred clients—

"Ms. Whitney: But, she is—

"The Court:—under that definition.

"Ms. Whitney: But, the petition is filed by the commissioner of the department.

"The Court: She may be present.

"Ms. Whitney: She may be present?

"The Court: The commissioner.

"Mr. Mackie: A designee can't be?

"The Court: No. She is a witness.

"Ms. Whitney: But, she has already testified.

"The Court: I know, but she may be called again. I don't know. You may need to call her again, or want to call her again for rebuttal. Mr. Mackie might want to recall or he or Mr. Renzullo might. So, the purpose of sequestration . . . is that the witness would not be present during the testimony of another witness.

\* \* \*

"The Court: I know the commissioner is a party. But the commissioner is not here. A person came from the department, and there may be many people from the department coming to testify. But, they do not all qualify as parties within the definition of the statute to be present in court.

\* \* \*

"The Court: So what? What is the purpose of having her here? What purpose is there? Why do you want her here? What good is it going to do on your case if she sits in this room?

"Ms. Whitney: Well, it is hard to anticipate what could happen. But, without her present, I have no client to refer to, I have no authority, if there is a question of settlement or any issues that might arise. I am not authorized to act on behalf of the client other than as their attorney, which means I would have to confer with them.

"The Court: You certainly can confer with her at any time if you want to talk to her about settlement, we can easily take a recess. But, you can't really confer with her during the proceedings in any event . . . ."

The trial continued without Miller-Schuyler. The petitioner was given several opportunities for a recess but each time objected and argued that this opportunity did not sufficiently allow DCYS to present the case.

At the conclusion of the hearing, the court issued its memorandum of decision denying the petition and concluding that DCYS did not meet its burden. This appeal ensued.

DCYS first argues that Miller-Schuyler, its designated representative, was a party to the proceeding. We agree.

We begin our analysis by looking to Practice Book § 1049 entitled "Termination of Parental Rights." That section provides in relevant part that "[t]he hearing on such application shall be in accordance with and conform to the provisions of Gen. Stat., § 45-61d and, insofar as consistent therewith, with Secs. 1039 through 1042 hereof." We then see that General Statutes § 45-61d (b) (4) mandates that the commissioner of the department of children and youth services receive legal notice of the termination hearing. Next, we turn to Practice Book § 1023 (l) (3) which defines a legal party in interest to be "[a]ny person . . . whose legal relationship to the matter pending before the court is of such a nature and kind as to mandate the receipt by him of proper legal notice as a condition precedent to the establishment of the court's jurisdiction."[1] Thus, as the trial court correctly determined, the commis-

[1] Practice Book § 1023 is the definitions section to juvenile proceedings. Termination of parental rights proceedings are juvenile proceedings; see General Statutes § 46b-121; and, therefore, this section applies to this case.

sioner of the department of children and youth services is a party to a termination of parental rights proceeding.

The point of deviation between the trial court's ruling and this court's holding is whether the commissioner may designate any agent of DCYS to take her place as the representative party. We disagree with the trial court that DCYS was limited to designating nonwitnesses to be the representative party. Public Acts 1975, No. 75-544, added the following language to General Statutes § 17-32c, "The commissioner of children and youth services may delegate any power, duty or function regarding such children, except for consent for adoption, marriage and joining of the armed services and except to the extent that the federal government may require that any responsibility for children be retained by said commissioner as a prerequisite to federal reimbursement of state expenditures for such children." The effect of the language was to give the commissioner the right to designate a representative for someone who is under the care of DCYS and the right to delegate *any* power, duty or function she may have with respect to being the children's guardian, within the above described limitations.

This section applies to the present case because the children were committed to the DCYS. This language prevents a court from interfering with the decision making of the commissioner and, thus, a court has no authority to require the petitioner's counsel to have the commissioner designate a different representative to be present once the commissioner has designated a representative. In the present case, the court's statements to the petitioner's attorney that any other nonwitness designee could represent DCYS as the party, but not Miller-Schuyler, did not cure its exclusion of the commissioner's designated representative.

Our holding that the commissioner had the right to designate Miller-Schuyler as the party representative is not, however, dispositive of this appeal. We must now determine whether the court should have allowed this party to be present during the proceeding.

We begin our analysis by noting that termination of parental rights cases are juvenile proceedings; see footnote 1, supra; that "constitute ' "a civil inquiry." ' " *Dart* v. *Mecum,* 19 Conn. Sup. 428, 431, 116 A.2d 668 (1955), quoting *Cinque* v. *Boyd,* 99 Conn. 70, 83, [121 A. 678 (1923)]. In a civil proceeding, a court has the discretion to sequester any witness, including a party, "if (1) seasonably requested, (2) specific and supported by sound reasons, and (3) false corroboration would probably result. *State* v. *DiBella,* 157 Conn. 330, 342, 254 A.2d 477 (1968); *State* v. *Pikul,* 150 Conn. 195, 200, 187 A.2d 442 (1960)." C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 7.29. In *Anderson* v. *Snyder,* 91 Conn. 404, 409, 99 A. 1032 (1917) the court held that the party had a right to be present at a deposition. In that case, the court adopted a stricter standard for preventing a party's presence during a trial, where he will also be a witness; "we think each party to a litigation has the undoubted right to be present at the trial. An occasion may arise where, to prevent a similarity of statements by different witnesses, the court may exclude any witness, including a party to the litigation, from the court room, but this is a power to be sparingly exercised and only upon the clearest grounds so far as the party is concerned." *Anderson* v. *Snyder,* supra, 408–409.

Thus, while there is authority for the court to exclude a party-witness during the course of a trial, " 'this is a power to be sparingly exercised and only upon clearest grounds so far as the party is concerned.' " *Donaghue* v. *Nurses Registry, Inc.,* 40 Conn. Sup. 196, 198, 485 A.2d 945 (1984); compare *Rozbicki* v.

*Huybrechts,* 22 Conn. App. 131, 576 A.2d 178 (1990) (party has the right to be present during jury selection following *Anderson* rule); with *Donaghue* v. *Nurses Registry, Inc.,* supra. (granted motion to sequester party defendants during respective depositions relying on *Anderson* exception).

We have already determined that Miller-Schuyler, as the commissioner's designated representative, was a party to this proceeding. Accordingly, the court's sequestration order, as it pertains to Miller-Schuyler, is subject to the higher standard announced in *Anderson* v. *Snyder,* supra. On the basis of our review of the record, we conclude that the matter at issue does not present adequate grounds to invoke the exception set forth in *Anderson* and thus the court abused its discretion when it refused to permit the petitioner's agent to be present for the trial.

The grounds for excluding this witness were (1) the court believed that Miller-Schuyler was merely an employee of DCYS and not entitled to the rights of a party, (2) it did not want this witness to be able to hear other witness' testimony, (3) it saw no necessity for her presence, and (4) it believed Miller-Schuyler would serve no useful purpose. We are not persuaded by these reasons.

For the reasons previously stated, the court's belief that Miller-Schuyler was not entitled to the rights of a party was incorrect. The court gave no indication why it would not permit this party-witness to hear the testimony of other witnesses when it permitted other party-witnesses to be present. Further, the court's reasoning that Miller-Schuyler was not needed is without merit. Miller-Schuyler had been the caseworker in this case since 1986. She had firsthand knowledge of the facts of this case and responsibility for the two minor children. Her need to be present during the pro-

ceeding to assist Whitney in the presentation of DCYS' case addresses the exact concerns expressed in *Anderson* for adopting the rule that only rarely should a court prevent a party's presence: "In many cases the cross-examining attorney cannot anticipate, no matter how thorough his preparation, the developments in the examination of a witness. He cannot know all that his client knows. Often it is essential for the proper presentation of the case to have the client at hand ready to prompt the cross-examiner and to respond to his inquiries. The object of the trial is the ascertainment of the truth. The presence of a party to the litigation who is conversant with the facts which the witness is to relate, not infrequently produces upon him a moral effect and serves as a deterrent to an untruthful statement." *Anderson* v. *Snyder,* supra, 408. In the present case, Miller-Schuyler's inability to assist in the presentation of DCYS' case impeded DCYS' ability to present its case and impeded the court's ability adequately to ascertain the facts, thus creating an unfair termination of parental rights proceeding. Accordingly, the trial court should have permitted Miller-Schuyler to be present in this case.

The judgment is reversed and the case is remanded for a new hearing.

In this opinion the other judges concurred.