**HAMON CONTRACTORS, INC.,**
**a Colorado corporation,**
**Petitioner,**

v.

**The DISTRICT COURT OF the FIRST JUDICIAL DISTRICT and the Honorable Henry E. Nieto, District Court Judge, Respondents.**

**No. 94SA34.**

Supreme Court of Colorado,
En Banc.

July 18, 1994.

The Law Firm of Muriel A. Agnelli, P.C., Muriel A. Agnelli, Susan M. Vogel, Denver, for petitioner.

Busch and Cohen, P.C., Robert G. Busch, Lakewood, for respondents.

Justice LOHR delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, the petitioner, Hamon Contractors, Inc. (Hamon), asks that we direct the District Court of the First Judicial District to revoke its order preventing Bruce Hamon, as Hamon's corporate representative, from attending the deposition of Ron Bignall, an employee of Hamon. Having issued a rule to show cause why the requested relief should not be granted, we now make the rule absolute.

I.

In January 1994, Hamon, a general contractor, filed a complaint in the District Court of Jefferson County against Bill Havengar Concrete, Inc. (Havengar). In the

complaint, Hamon alleged that Havengar, a concrete subcontractor, failed to perform according to the terms of an oral agreement with Hamon. Specifically, Hamon alleged that as an earthwork, road, and bridge contractor, it prepared a bid to perform certain road work for the City of Arvada as a prime contractor. Hamon alleged that in the course of preparing its bid, it sought price quotes for work that Hamon intended to subcontract. Havengar submitted written quotes for certain items of that work. According to Hamon, after receiving Havengar's price quotes, Bruce Hamon, the president of Hamon, contacted Chuck Ecker, a Havengar employee, to confirm the items that Hamon would use and rely upon in preparing its bid. Allegedly, Ecker and Bruce Hamon agreed on the work to be performed by Havengar in the event that the City of Arvada should award the project to Hamon. Hamon claimed to have accepted and relied on the prices for those items quoted by Ecker in preparing its bid for the City of Arvada.

The complaint asserts that on November 8, 1993, Hamon submitted its bid to the City of Arvada and was later determined to be the low bidder. Hamon allegedly then forwarded its standard subcontract to Havengar for review and execution. Hamon alleged that Havengar failed to execute the subcontract for the prices quoted and that Bill Havengar, president of Havengar, informed Bruce Hamon that Havengar would not perform the work at the prices it had earlier specified.

Hamon subsequently initiated the present case by filing a complaint, alleging breach of contract and negligent misrepresentation by Havengar. On January 10, 1994, Havengar moved in writing for an *ex parte* order limiting the attendance at the depositions of Hamon employees to the attorneys for the two parties and the officer before whom the depositions were to be taken. In the motion, Havengar also requested the district court to order Hamon's two witnesses to the oral contract at issue, Bruce Hamon and Ron Bignall, not to discuss their testimony until

after both of their depositions had been taken. As the ground for its motion, Havengar stated that because the material issues in the case revolved around statements made by Havengar's employees to Hamon's employees, "the interest of justice and the pursuit of truth will be served by allowing defendant to inquire concerning those transactions of each of plaintiff's witnesses separately before they have conferred concerning their testimony." In addition, the motion stated that the speedy deposition of Bruce Hamon and Ron Bignall would expedite resolution of the matter and better enable the parties to assess the merits of their case, and that no prejudice to Hamon would result by the granting of this motion. Havengar asserted that the granting of such a motion was permissible under the provisions of C.R.C.P. 26(c)(5) and C.R.E. 615.

The district court declined to enter such an order on an *ex parte* basis and a telephonic hearing was set for January 12, 1994. On January 11, 1994, Havengar sent Hamon a Notice of Telephone Hearing, stating that such a hearing would take place on January 12 at 1:00 p.m. According to the respondents,[1] during the January 12 telephonic hearing, Havengar argued that sequestration of the witnesses was necessary because of the relationship of the witnesses and to ensure their independent recollection of events surrounding the formation of the alleged oral contract. Havengar also offered to sequester its own witnesses as a matter of fairness.

On January 12, 1994, the district court entered an order limiting the attendance at the depositions of Hamon's and Havengar's employees to the attorneys for the two parties and the officer before whom the depositions would be taken. The court also ordered Bill Havengar, Chuck Ecker, Bruce Hamon, Ron Bignall, and any other employee of either party not to discuss their testimony until after completion of their depositions. The district court did not specify its reasons for granting the order sequestering the various witnesses. After the district court entered its order, Hamon brought this original

---

1. The respondents are the District Court of the First Judicial District and the Honorable Henry E. Nieto, District Court Judge. The response to

the rule to show cause was filed by the attorney for Havengar, appearing for the respondents.

proceeding seeking reversal of the district court's exclusion of Bruce Hamon from attendance at the deposition of Ron Bignall.[2]

## II.

The respondents argue that the rule to show cause should be discharged as improvidently granted. We reject this argument. "An original proceeding pursuant to C.A.R. 21 is not a substitute for an appeal and is limited to an inquiry into whether the trial court exceeded its jurisdiction or abused its discretion." *Hayes v. District Court*, 854 P.2d 1240, 1243 (Colo.1993); *Halliburton v. County Court*, 672 P.2d 1006, 1009 (Colo. 1983). Issues pertaining to pretrial discovery are generally committed to the trial court's discretion, and review of discovery orders is normally limited to appeal. *Hayes*, 854 P.2d at 1243. However, we may exercise original jurisdiction to review a pretrial discovery order when the order significantly departs from the controlling standards of discovery or will cause a party unwarranted damage that cannot be cured on appeal. *Clark v. District Court*, 668 P.2d 3, 7 (Colo. 1983). In the final analysis, the exercise of original jurisdiction is discretionary and is governed by the particular circumstances of the case. *Id.* Under these standards, we determine that the exercise of original jurisdiction is warranted in the present case.

## III.

The trial court determined that sequestration of all witnesses before and during their respective depositions was justified given the circumstances of the case. Hamon argues that C.R.C.P. 26(c)(5) does not authorize the exclusion of a party from a deposition absent a showing of exceptional circumstances, that no such exceptional circumstances exist in this case, and that the trial court therefore abused its discretion by entering the sequestration order. Although federal and state

case law in this area is somewhat sparse, we agree with Hamon's argument.

C.R.C.P. 26(c) pertains to protective orders sought during the discovery phase of litigation and provides in part:

> Upon motion by a party ... and for good cause shown ... on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court....

Federal courts have construed Fed. R.Civ.P. 26(c)(5) to allow the exclusion of parties from pre-trial depositions.[3] *See, e.g., In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D.La.1991). However, such an exclusion has been permitted only rarely and only under extraordinary circumstances. *See, e.g., Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (although exclusion of parties under Fed.R.Civ.P. 26(c) should be ordered "rarely indeed," party excluded because there was cause to believe he would harass the deponent and he had demonstrated "his complete disregard for judicial process"); *BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 157 (N.D.Ala.1986) ("Rule 26(c) permits the court upon proper showing to exclude even a party from the deposition, although 'such an exclusion should be ordered rarely indeed.'") (quoting *Galella*, 487 F.2d at 997); *In re Levine*, 101 B.R. 260, 262–63 (Bankr.D.Colo.1989) (allowing exclusion under Fed.R.Civ.P. 26(c)(5) and Fed. R.Evid. 615 of certain parties from each other's depositions under "rather extraordinary" circumstances involving claims that such parties were the central, active agents of a conspiracy to defraud); *see also BCI*, 112 F.R.D. at 160 (denying exclusion of *non-party* witnesses from depositions because "no compel-

---

2. The other provisions of the district court's January 12, 1994, order are not at issue here.

3. Fed.R.Civ.P. 26(c) was amended in 1993 to add a requirement that the party or person moving for a protective order must provide a certification that the movant has in good faith conferred

or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Except for this requirement, Fed. R.Civ.P. 26(c) is identical to C.R.C.P. 26(c) in all respects relevant here.

ling or exceptional circumstances exist here to warrant a finding of good cause as required by [Fed.R.Civ.P. 26(c)(5) ]"); *Montgomery Elevator Co. v. Superior Court,* 135 Ariz. 432, 434, 661 P.2d 1133, 1135 (1983) (recognizing that, pursuant to Arizona rule identical to Fed.R.Civ.P. 26(c)(5), there are "unusual situations" in which it would be appropriate to exclude a party from depositions); *cf. Donaghue v. Nurses Registry, Inc.,* 40 Conn.Supp. 196, 485 A.2d 945, 946 (1984) (noting, without citation to a rule, that court may exclude parties from depositions to prevent a similarity of statements by different witnesses but that this power must be exercised sparingly and only upon clearest grounds).

■ We conclude that a party who is a natural person or the representative of a party that is not a natural person may be excluded from a pre-trial deposition only under exceptional circumstances. This conclusion is supported not only by the foregoing authority but also by the fact that under C.R.E. 615,[4] a party who is a natural person or representative of a party that is not a natural person may not be excluded from hearing the testimony of other witnesses at trial.

There is no agreement among federal courts as to whether Fed.R.Evid. 615, which is identical in all relevant respects to C.R.E. 615, applies to pre-trial depositions. *Compare Lumpkin v. Bi–Lo, Inc.,* 117 F.R.D. 451, 453 (M.D.Ga.1987) ("[T]his court finds that Rule 615 of the Federal Rules of Evidence does apply to depositions.") *with BCI,* 112 F.R.D. at 157 ("Since Rule 26(c), Fed. R.Civ.P., specifically requires a court order before persons may be excluded from the conduct of the deposition discovery process, it is clear that Fed.R.Evid. 615 does not apply to the taking of depositions.").

There is also no agreement among state courts as to whether a deposition should be considered part of a trial. *Compare Dona-*

*ghue,* 485 A.2d at 946 ("It is clear that the taking of a deposition is a part of the trial and each party has the undisputed right to be present at the trial.") *with Naatz v. Queensbury Cent. School Dist.,* 166 A.D.2d 866, 563 N.Y.S.2d 194, 195 (1990) ("[I]t must be remembered that depositions are not the same as trials and both party and nonparty witnesses can be excluded under appropriate circumstances.").

■ We conclude that for purposes of determining who may be excluded from a pre-trial deposition, such a deposition is not part of the trial and that therefore C.R.C.P. 26(c)(5) and not C.R.E. 615 controls in that context. However, the fact that Rule 615 does not permit exclusion of a party from trial reenforces our conclusion that only under exceptional circumstances should a party be excluded from a pre-trial deposition.

## IV.

In his motion to limit attendance at deposition, Havengar asserted that exclusion of the witnesses should be ordered because the material issues in the case revolve around statements made by Havengar's employees to Hamon's employees, "the interest of justice and the pursuit of truth will be served by allowing [Havengar] to inquire concerning those transactions of each of [Hamon's] witnesses separately before they have conferred concerning their testimony," and because no prejudice would result to Hamon by such an order. Havengar allegedly asserted during the telephonic hearing that the exclusion was necessary in order to assure independent recollection and because of the relationship of the witnesses. These assertions do not directly suggest a need for protection from "annoyance, embarrassment, oppression, or undue burden or expense," and therefore do not fall squarely under the express language of C.R.C.P. 26(c)(5).

4. C.R.E. 615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who

is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Furthermore, the assertions present no exceptional circumstances that would support exclusion of Bruce Hamon from the deposition of Ron Bignall. Nothing in the record indicates that Ron Bignall would be intimidated by or would alter his testimony because of Bruce Hamon's presence. *See Helfferich v. Farley*, 36 Conn.Supp. 333, 419 A.2d 913, 914 (1980) (after defendants moved to exclude two plaintiffs from each other's deposition because plaintiffs' credibility was an essential issue and in order to prevent one plaintiff from shaping his answers to corroborate the testimony of the other, trial court denied the motion because defendants had not presented adequate grounds to lead the court to the conclusion that perjury would be committed if the motion for separate depositions was not granted). We conclude that exclusion of a party from a discovery deposition of a witness cannot be justified simply on the basis that it provides some protection against a possibility that the party will tailor his own testimony to assure consistency with that of the witness. We hold, therefore, that under the circumstances of this case, the trial court abused its discretion in granting Havengar's motion and in excluding Bruce Hamon from the deposition of Ron Bignall.[5]

## V.

For the foregoing reasons, we make the rule absolute.

---

**5.** Our resolution of the merits of this issue makes it unnecessary to address Hamon's contention that the trial court grossly abused its discretion in setting the January 12 telephone hearing with only one day notice of that hearing to Hamon's attorney.