ZBIGNIEW S. ROZBICKI *v.* HELEN HUYBRECHTS

PETERS, C. J., SHEA, CALLAHAN, GLASS and BORDEN, Js.

Argued February 21—decision released April 16, 1991

*Paul W. Summers,* with whom, on the brief, was *John P. Febbroriello,* for the appellant (defendant).

*Wesley W. Horton,* with whom was *Karen L. Murdoch,* legal intern, for the appellee (plaintiff).

PETERS, C. J. This appeal concerns the state constitutional right of a party to a civil action to be present during the voir dire of potential jurors. The plaintiff, Zbigniew S. Rozbicki, who is a practicing attorney, brought an action to recover legal fees allegedly due from the defendant, Helen Huybrechts. The defendant counterclaimed for loss of profits arising out of the sale of her residence to the plaintiff and for recovery of costs arising out of a related foreclosure action. After a court order by the trial court, *Moraghan, J.,* setting a date for jury selection to commence, the plaintiff moved for a continuance because of his professional responsibilities elsewhere in the state. Upon denial of the plaintiff's motion by the trial court, *Dranginis, J.,* jury selection went forward in his absence, although the trial itself was continued until he could be present. The jury ultimately returned a verdict for the defendant on both the complaint and the counterclaim and awarded the defendant $8020.60 in damages. The trial court, *Moraghan, J.,* denied the plaintiff's motions to set aside the verdict and rendered judgment for the defendant.

On the plaintiff's appeal, the Appellate Court reversed the trial court's judgment and ordered a new trial on the ground that the trial court's denial of the plaintiff's motion for a continuance had violated the plaintiff's state constitutional right to be present for voir dire. *Rozbicki* v. *Huybrechts,* 22 Conn. App. 131, 136, 576 A.2d 178 (1990). We granted the defendant's petition for certification to appeal from the Appellate Court; *Rozbicki* v. *Huybrechts,* 216 Conn. 812, 580 A.2d 59 (1990); limited to the following issue: "Does the plaintiff's absence from voir dire in a civil trial require a new trial absent a showing of prejudice?" In the circumstances of this case, because the burden of disproving prejudice must be borne by the defendant and that burden has not been met, we conclude that a new trial is required. Accordingly, we affirm the judgment of the Appellate Court.

The certified issue arises out of the following procedural facts, which are not in dispute. On December 14, 1988, the trial court, *Moraghan, J.,* ordered that jury selection for the plaintiff's lawsuit begin on January 3, 1989. On December 16, 1988, the plaintiff, asserting a state constitutional right to be present for voir dire; Conn. Const., art. 1, § 19; moved to postpone jury selection until he could be present.

When the motion for continuance was argued, on January 3, 1989, the plaintiff's counsel informed the trial court, *Dranginis, J.,* that the plaintiff's absence on that date was involuntary because the plaintiff was representing a client on trial in West Hartford in a proceeding that he had been ordered to begin several weeks earlier. The plaintiff's counsel argued that the plaintiff wished to be present for voir dire because he had lived in the Litchfield area most of his life, had practiced law there for twenty years, and might well recognize among prospective jurors someone with whom he had had previous adversarial dealings of some sort. The trial court acknowledged that the plaintiff had a constitutional right to be present, but concluded that he had waived it. After completion of jury selection in the plaintiff's absence, the trial court continued further proceedings to enable the plaintiff to be present for trial. At the trial, which the plaintiff attended, he did not object to any of the jurors who had been selected.

At the conclusion of the trial, the jury returned a defendant's verdict on both the complaint and the counterclaim, and the trial court denied the plaintiff's motions to set aside the verdict. On appeal, the Appellate Court reversed the judgment of the trial court, holding that: (1) the plaintiff's right to a jury trial under article first, § 19 of the constitution of Connecticut encompassed the right to be present during voir dire; (2) the plaintiff's absence, in obedience to a prior

express judicial order to represent a client elsewhere in the state, was involuntary and thus did not constitute a waiver of that right; (3) the trial court's denial of the plaintiff's motion for a continuance violated his right to be present; and (4) the plaintiff was therefore entitled to a new trial. *Rozbicki* v. *Huybrechts,* supra, 22 Conn. App. 133–36.

On appeal to this court, after our grant of certification, the principal issue is the relationship between the right to be present at voir dire and the proof of prejudice attendant to a violation of that right. The defendant maintains, contrary to the view of the Appellate Court, that the plaintiff is not entitled to a new trial without demonstrating how his absence during voir dire prejudiced the outcome of the trial that he attended. Such a burden of proving prejudice is appropriate, according to the defendant, because the Appellate Court was mistaken in concluding that the plaintiff's right to be present was constitutional in nature. The defendant argues that Connecticut's constitution extends to civil litigants only the right to question prospective jurors by counsel, not the right to be present for jury selection. The plaintiff counters that this court should not examine the nature of the right violated because that issue is beyond the scope of the certified question. Since the Appellate Court determined that the right to be present is constitutional in origin, the plaintiff further maintains that the burden should be placed upon the defendant, who is seeking to uphold the jury's verdict, to prove that the plaintiff was not prejudiced by his absence. We agree with the defendant that the issue of the burden of proof concerning prejudice cannot be decided without a determination of the nature of the underlying right that is sought to be vindicated, but we agree with the plaintiff that the right to be present for jury selection is a

constitutional right, and accordingly that the burden of disproving prejudice must be assigned to the defendant, as the Appellate Court held.

I

Our analysis therefore begins with an examination of the nature of a party's right to be present at jury selection. That right has its origin in the text of article first, § 19 of the constitution of Connecticut. As amended by article four of the amendments to the constitution, adopted in 1972, the section provides: "The right of trial by jury shall remain inviolate, the number of such jurors, which shall not be less than six, to be established by law; but no person shall, for a capital offense, be tried by a jury of less than twelve without his consent. In all civil and criminal actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. The right to question each juror individually by counsel shall be inviolate."

This court has long recognized that a party's constitutional right to a civil jury trial encompasses the right to be present in the court during all phases of the trial, including proceedings prior to the trial on the merits of the case. We have assumed that a plaintiff in a personal injury action has a personal right to be present during voir dire, so long as he does not "disturb the orderly business of the court." *Antel* v. *Poli,* 100 Conn. 64, 69, 123 A. 272 (1923). We have held that a party to a fraud action has a right to be present at a deposition, and not merely to be represented by counsel. *Anderson* v. *Snyder,* 91 Conn. 404, 408, 99 A. 1032 (1917). We have explained the importance of the personal presence of the party by noting that "[i]n many cases, the cross-examining attorney cannot anticipate, no matter how thorough his preparation, the developments in the examination of a witness. He cannot know

all that his client knows. Oftentimes it is essential for the proper presentation of the case to have the client at hand ready to prompt the cross-examiner and to respond to his inquiries." Id.

These cases demonstrate the significant role that a party may play at voir dire. One of the principal purposes of voir dire is the discovery of interests, such as family ties, employment relationships, or financial interests, that may predispose a prospective juror to decide a case on legally irrelevant grounds. See, e.g., *McCarten* v. *Connecticut Co.*, 103 Conn. 537, 542–44, 131 A. 505 (1925); *Quinebaug Bank* v. *Leavens,* 20 Conn. 87, 89 (1849). As the Appellate Court observed, it is not unlikely that a party may recognize, during voir dire, a potentially prejudicial relationship that might pass unnoticed by his counsel. *Rozbicki* v. *Huybrechts,* supra, 22 Conn. App. 135.

The history of the 1972 amendment of article first, § 19 supports the continuing validity of our earlier judicial determination that the jury trial provision of the state constitution guarantees a civil litigant the right to be present during voir dire. Prior to the adoption of the fourth amendment to Connecticut's constitution, article first, § 19 provided only that "[t]he right of trial by jury shall remain inviolate." In 1971, in response to the increasing congestion of court dockets and mounting court costs, the legislature proposed a constitutional amendment to permit mandatory six-person juries in place of twelve-person juries in certain circumstances. See 14 H.R. Proc., Pt. 5, 1971 Sess., pp. 2366–70; 14 S. Proc., Pt. 5, 1971 Sess., pp. 1984–88. In order to preserve what the legislature perceived as the fundamental character of jury trials, however, the proposed amendment contained two provisions guaranteeing that parties would continue to have certain rights, previously granted only by statute, regarding

the selection of individual jurors.[1] As adopted by the electors of Connecticut in 1972, the amendment constitutionalized the right of the parties "to challenge jurors peremptorily" and the right "to question each juror individually by counsel."[2]

The distinction made in the two jury selection provisions adopted in 1972 serves to illuminate the rights conferred. The penultimate sentence of article first, § 19 provides that "[i]n all civil . . . actions . . . the *parties* shall have the right to challenge jurors peremptorily," while the final sentence provides that "[t]he

[1] The discussion of the proposed constitutional amendment in both the House of Representatives and the Senate indicates that the legislature viewed the amendment as providing constitutional authority for modifying one aspect of jury trials, by providing for six-person rather than twelve-person juries, and for constitutionalizing other safeguards regarding jury selection. Representative Robert G. Oliver, introducing the proposed amendment, stated that the bill was intended to accomplish three goals. 14 H.R. Proc., Pt. 5, 1971 Sess., p. 2367. He described those goals: "[O]ne, it amends and amplifies Connecticut's constitutional guarantees of jury trial. It clearly permits juries of six man [sic] in all cases, civil and criminal, except in capitol [sic] cases where the accused could agree to be tried by less than twelve but [it] preserves his right to be tried by twelve; two, it continues to preserve the rights of litigants to challenge perspective [sic] jurors peremptorily when necessary; and three, it preserves the valuable rights of litigants to have their perspective [sic] jurors individually questioned by their counsel and apart from the other veniremen. It's an excellent, well-balanced constitutional amendment. It will permit substantial cost savings to the state by permitting six man juries. . . . And basically, finally, it will expedite justice for all." Id. Representative James F. Bingham, also speaking in support of the amendment, emphasized the importance of preserving fundamental constitutional rights while attempting to respond to contemporary conditions. He commented: "We are all looking to expedite justice but we should not look to expedite justice at a risk of tramping upon constitutional rights." Id., p. 2368.

[2] The provisions concerning peremptory challenges and the individual voir dire appear to be unique to Connecticut's constitution. Our search of the constitutions of our forty-nine sister states revealed no similar constitutionalization of rights regarding the procedure of jury selection. The few decisions of the courts of other states construing their constitutional provisions regarding jury trials that are cited by the defendant in support of the trial court's judgment are therefore wholly inapposite.

right to question each juror individually *by counsel* shall be inviolate." (Emphasis added.) The plain language of article first, § 19 refutes the contention of the defendant in this case that the jury selection provisions confer only on *counsel,* and not on the *parties,* the right to conduct voir dire and to challenge prospective jurors peremptorily. The constitutional right of the parties to have counsel conduct individual examinations of prospective jurors in no way restricts the grant of the personal prerogative in the preceding sentence.[3]

The conclusion that the right of a party to be present during voir dire in a civil lawsuit is a constitutional right does not, in principle, end the inquiry. Like the right to a jury trial itself, the right to be present at voir dire can be waived. Indeed, the right to be present will be deemed to have been waived if not specifically asserted, just as the right to a civil jury trial is deemed waived if not claimed within the time constraints specified in General Statutes § 52-215. See *Leahey* v. *Heasley,* 127 Conn. 332, 336, 16 A.2d 609 (1940); cf. *State* v. *Perrella,* 144 Conn. 228, 231–32, 129 A.2d 226 (1957) (statute deeming the right to trial by jury of twelve in a criminal matter waived unless claimed in timely manner held to be constitutional). In the context of criminal trials, a defendant may waive his constitutional right to be present during voir dire either by his mis-

---

[3] The civil jury selection provisions codified in the General Statutes further confirm our construction of the constitutional provisions as granting a personal right to the parties to be present during voir dire. General Statutes § 51-240 provides in relevant part: "(a) In any civil action tried before a jury, either party shall have the right to examine, personally or by his counsel, each juror outside the presence of other prospective jurors as to his qualifications to sit as a juror in the action, or as to his interest, if any, in the subject matter of the action, or as to his relations with the parties thereto." The statutory language recognizes the right of civil litigants to proceed pro se; it does not imply, as the defendant contends, that the mere presence of counsel in itself constitutes a waiver of the right of a party to be present in the court during voir dire.

conduct or by his "voluntary and deliberate absence from the trial without good cause." *State* v. *Drakeford,* 202 Conn. 75, 79, 519 A.2d 1194 (1987). "[T]he right to be present . . . may be lost by consent, waiver or misconduct. . . . Waiver need not be express. It may be implied from the totality of acts or conduct of a defendant." (Citation omitted.) Id. These principles apply with equal force in civil litigation.

In the present case, the Appellate Court specifically determined that the plaintiff had not waived his right to be present because his absence was involuntary. *Rozbicki* v. *Huybrechts,* supra, 22 Conn. App. 136. Because that determination is not encompassed within the scope of the question certified for review, we will accept it as given for the purposes of this appeal.

We hold, accordingly, that the plaintiff in this case, by virtue of the provision of article first, § 19 of the constitution of Connecticut, had a constitutional right to be present during the voir dire of prospective jurors for his trial, that he properly asserted that right through his counsel, that he did not waive that right by his conduct, and that the trial court violated that right by ordering his attorney to conduct jury selection in his absence. We turn, then, to the question of the effect of the denial of that right.

## II

The appropriate remedy for the violation of a constitutional right depends, at least in part, on the nature of the right violated. In order to determine which party should bear the burden of proving prejudice, or the lack thereof, resulting from the violation of the plaintiff's right to be present during voir dire, it is useful to recall why we have voir dire. Voir dire serves two generally recognized purposes: it permits the court to determine whether a particular individual is qualified to act as a

juror, and it allows each party to determine whether to exercise peremptory challenges to jurors not disqualified for cause. *State* v. *Dolphin,* 203 Conn. 506, 512, 525 A.2d 509 (1987); *Duffy* v. *Carroll,* 137 Conn. 51, 56, 75 A.2d 33 (1950). Although a trial court has broad discretion to determine the appropriate scope of inquiry during voir dire, this court has repeatedly held that the litigants are entitled to as much latitude in such examinations as is necessary fairly to accomplish both purposes. *State* v. *Dolphin,* supra; *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152 (1956).

In prior decisions regarding the scope of questions permitted on voir dire, we have not required the party whose right to voir dire has been impaired to prove how he was prejudiced. When a trial court improperly refused to permit a defendant to engage in a line of questioning intended to elicit information regarding a prospective juror's sympathies in a personal injury action, for instance, we concluded that it would be impossible for that defendant to prove that he could have elicited information that would have justified a challenge for cause or suggested a peremptory challenge. *Lamb* v. *Burns,* 202 Conn. 158, 164–65, 520 A.2d 190 (1987); cf. *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 668, 522 A.2d 812 (1987) (stating in dicta that certain kinds of harm are virtually impossible to prove, and that such difficulties, when arising in contexts that are "fundamental" in our adversarial system, "may well require us to place the burden of disproving prejudice on the party who has been advantaged" by an erroneous ruling).

This line of cases furnishes an appropriate analogy to the issue before us. We are persuaded that there is no basis for a distinction in remedy between the denial of the right to ask specific questions and the denial of the right to be present in person. By virtue of his

absence from voir dire, the plaintiff was foreclosed from proving what associations might have been stirred in his memory, what questions he might have wished to ask to follow up particular responses by prospective jurors, or indeed, whether he might have wished to exercise a peremptory challenge because he sensed a personal antipathy in the responses of a prospective juror.[4] We conclude, accordingly, that the party advantaged by the trial court's improper ruling must bear the burden of proving, by a preponderance of the evidence, that the ruling was not prejudicial. Because the defendant in this case has produced no evidence on the question of prejudice, she has not met her burden of proof and the plaintiff is entitled to a new trial.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[4] "While challenges for cause permit rejection of prospective jurors on the ground of provable and legally cognizable evidence of partiality, peremptories permit further rejections for a real or imagined partiality that is less easily designated and proved. . . . [T]he effectiveness of the peremptories [in securing an impartial jury panel] must depend in part on intuition . . . ." Note, "Selection of Jurors by Voir Dire Examination and Challenge," 58 Yale L.J. 638, 638–40 (1949).