[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The question raised by this motion to dismiss a petition for a writ of habeas corpus is whether, as a matter of law, an allegation that trial counsel was ineffective because he permitted his client to enter a plea of guilty under terms which included the possibility that his client might be sentenced by "a judge considered by all experienced criminal practitioners in the judicial district to be an unusually harsh sentencer" states a CT Page 9728 claim upon which relief may be granted.
The basic allegations of the petition in this case are that the petitioner entered a guilty plea to robbery in the first degree before Judge Skolnick on July 24, 1996, pursuant to a plea agreement which subjected him to a "cap" of eighteen years suspended after nine years, plus probation, with a right to argue for a lesser sentence. The agreement also provided that any judge sitting in the Judicial District of Ansonia-Milford; could preside over the sentencing hearing and that the petitioner and his attorney would have no ability to object to the designation of any judge for that purpose. At the sentencing hearing, which took place before Judge Cocco on August 28, 1996, the petitioner was sentenced to eighteen years in prison, suspended after six years, plus probation for five years. Although this sentence was in fact less than the agreed upon "cap", the petitioner also alleges that the Office of Adult Probation had prepared a presentence report that had recommended no incarceration at all, and that had his attorney not advised and permitted him to plead guilty under the terms previously described, the results of his sentencing would have been more favorable to him. He therefore claims that he was prejudiced by his counsel's allegedly substandard performance in this regard and concludes that his attorney, by having him enter into a plea agreement which permitted him to be sentenced by a judge who, he alleges, was a notoriously harsh sentencer, provided constitutionally ineffective assistance of counsel.
The respondent has moved to dismiss[1], arguing, as a threshold matter, that the petitioner, who does not attack the conviction itself, may not obtain habeas corpus relief in connection with a valid conviction where the only claim is that his attorney placed his fate in the hands of a harsh sentencing judge. The respondent contends that the petitioner has failed to allege the second component of the "cause and prejudice" test for an ineffective assistance of counsel claim as required underStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). Specifically, he argues that the petitioner has not alleged that counsel's deficient performance prejudiced him. The respondent also contends that the petitioner's claim, if successful, would lead to "judge shopping" and effectively require the courts to allow defendants to choose their sentencing judges.
The petitioner concedes that he "has not alleged that his CT Page 9729 guilty plea is defective as a result of his attorney's error. The prejudice he alleges is not in the conviction but in the sentencing." He argues that sentencing is a critical phase of the criminal process and that habeas corpus petitions have been granted because of ineffective assistance at sentencing. Copas v.Warden, 30 Conn. App. 677, 686, 621 A.2d 1378, cert. denied,226 Conn. 901 (1993), aff'd, 234 Conn. 139 (1995).
The petitioner is quite correct in observing that the right to effective assistance of counsel applies at the sentencing phase of a criminal proceeding. The right to counsel in criminal proceedings is guaranteed both by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 8 of the Connecticut Constitution. The courts have long recognized that the right to counsel applies to all critical stages of criminal proceedings, including sentencing. Gardner v.Florida, 430 U.S. 349, 358 (1977); United States v. Daniels,558 F.2d 122, 125, 127-128 (2d Cir. 1977); United States v. Pinkney,551 F.2d 1241 (D.C. Cir. 1976); United States v. Robin,545 F.2d 775 (2d Cir. 1976); United States v. Lucas, 513 F.2d 509, 511 n. 4 (D.C. Cir. 1975); United States v. Johnson, 475 F.2d 1297,1299-1300 (D.C. Cir. 1973); Egelak v. State,. 438 F.2d 712, 715 (Alas. 1968); McKinney v. State, 566 F.2d 653, 666-667 (Alas. 1977). Connecticut courts have also recognized that sentencing proceedings are indeed critical stages of the criminal process.Consiglio v. Warden, 153 Conn. 673, 220 A.2d 269 (1966); State v.Thompson, 197 Conn. 67, 495 A.2d 1054 (1985). The decision inCopas, supra, synthesizes these earlier pronouncements and makes clear that ineffective assistance of counsel at the sentencing phase of criminal proceedings will provide grounds for habeas corpus relief in this state.
It is important to recognize, however, that the petitioner here has not alleged that his counsel's performance was deficient either in preparing for sentencing or in advocating on his behalf at the sentencing hearing, nor does he suggest that had competent counsel been representing him at the sentencing before Judge Cocco, the result of that proceeding would have been more favorable to him. The sole alleged deficiency attributed to counsel is his acquiescence in an agreement which permitted the possibility of his client's being sentenced by an allegedly notoriously Draconian judge.
The United States Supreme Court provided a two-part test for ineffective assistance of counsel in Strickland v. Washington, supra, CT Page 9730466 U.S. 668. First, the defendant must show that counsel's representation fell below an objective standard of reasonable competence. Id., 687-88. Second, the defendant must show "prejudice", that is, that there is a reasonable probability that, except for the ineffective assistance of counsel, the result of the proceedings would have been different. Id., 694. The same two-part standard was held applicable to ineffective assistance of counsel claims arising out of the plea process in Hill v. Lockhart, 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The court modified the second requirement, holding that to demonstrate prejudice in the context of guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 58-59.[2]
The Connecticut Supreme Court discussed the standard for effective assistance of counsel in Copas v. Commissioner ofCorrection, supra, 234 Conn. 139. "A criminal; defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system and essential to the expeditious and fair administration of our courts." Id., 153. Following Strickland andHill, the court concluded that a petitioner must show that "but for the ineffective assistance of counsel, he would not have pleaded guilty to [the charge] and would have gone to trial." Id., 157. This turns on the likelihood of successful outcome at trial; Hill v. Strickland, supra, 466 U.S. 59; which has been interpreted to include the likelihood of acquittal or a more favorable sentence. Copas v. Commissioner, supra, 234 Conn. 162
n. 18.
Here, the petitioner has not alleged that he would have pleaded not guilty and gone to trial if his counsel had alerted him to the fact that there was a possibility that a harsh judge might preside at his sentencing. The claim appears to be simply that a) competent counsel never would have agreed to an arrangement that included the possibility that Judge Cocco might be the sentencing judge, a claim which is not directly addressed by any of the cases cited by either party or by any case found by the court; and b) that any judge other than Judge Cocco would have imposed a lesser sentence. To prevail on such a claim, petitioner would have to show: 1) that reasonably competent CT Page 9731 counsel would not have agreed to such an arrangement; 2) that had counsel refused to agree to such an arrangement, he would have been successful in negotiating a plea which precluded the possibility of the petitioner's being sentenced by Judge Cocco; 3) that had petitioner been sentenced by another judge, the result would probably have been different; and 4) implicitly, that the petitioner's claimed right to have a say in selecting the judge who is to impose sentence in his case is one which this court should recognize.
As to the first of these issues, whether reasonably competent counsel would not have agreed to such an arrangement, this is not a matter than may be determined on a motion to dismiss; the petitioner has made the allegation, and it remains to be determined whether he can prove it at trial. As to the second issue, the petitioner has not specifically alleged that had counsel refused to agree to such an arrangement, he, or, at least, a competent attorney, would have been successful in negotiating a plea which precluded the possibility of the petitioner's being sentenced by Judge Cocco. The absence of such an allegation alone is fatal to his petition, because in its absence, there can be no showing of prejudice under Strickland.
As to the third issue, that had petitioner been sentenced by another judge, the result would probably have been different, this, like the first issue, is one which cannot be resolved on a motion to dismiss[3]. The petitioner has made the allegation, and it remains to be determined whether he can prove it at trial.
The fourth issue is the most troubling. The petitioner has not demonstrated that he has a right to be sentenced by the judge of his choice or even the right not to be sentenced by a judge not of one's own choosing. Neither party has directed the court to any cases that even discuss a claim such as this one, nor has the court found any on its own.
Petitioner does attempt to analogize the situation to a defendant's right to select the members of his or her jury, and particularly the members of the jury in the sentencing phase of a capital case. The right to individual voir dire, however, and the right to challenge prospective jury members for cause or peremptorily is enshrined in our statutes, rules and constitution[4]. Part of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors. Morgan v. Illinois, 504 U.S. 719, 729,112 S.Ct. 2222, 2230, 119 L.Ed.2d 492 (1992). In Connecticut, the CT Page 9732 right to question jurors individually is specifically guaranteed by our constitution. Rozbicki v. Huybrechts, 218 Conn. 386, 390,589 A.2d 363 (1991). The purpose of the voir dire examination is two-fold: "first, to provide information upon which the trial court may decide which prospective jurors, if any, should be excused for cause; and second, to provide information to counsel which may aid them in the exercise of their right to peremptory challenge." State v. Dolphin, 203 Conn. 506, 512, 525 A.2d 509
(1987); State v. Dahlgren, 200 Conn. 586, 600, 512 A.2d 906
(1986). There are no comparable provisions for the selection of a sentencing judge, however, and the petitioner's analogy is thus unavailing.
It cannot be denied, however, that some judges are perceived as harsh, while others are seen as more lenient, and that experienced criminal defense attorneys do their; best to have their clients sentenced by the latter rather than the former. While uneasy about condoning "judge shopping", this court is not prepared to conclude that a claim of ineffective assistance of counsel based on an allegation that an attorney failed to protect his client from sentencing by a supposedly harsh judge ought to be decided in the negative in the context of the resolution of a motion to dismiss.
Because, however, there has been no allegation in the complaint that a competent attorney would have been able to engineer a plea agreement that precluded the possibility of the petitioner's being sentenced by Judge Cocco, the instant petition is fatally flawed. As a result, the petitioner has failed to state a claim upon which relief may be granted, and the motion to dismiss is therefore granted.
Jonathan E. Silbert, Judge