[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION IN LIMINE
The defendants, Andre Lerer, M.D. and Neurologic Associates, P.C., have moved to exclude the plaintiff, Adam Wozniak, from the courtroom during the liability phase of the trial in this action on the grounds that his presence would be unfairly prejudicial to the defendants while excluding him from the courtroom would not deny any rights to the plaintiffs.
This is a medical malpractice action brought by the Wozniak family, who were not patients of the defendants, for injuries they sustained when one of the defendants' patients, Joseph Claffey, intentionally drove his vehicle into them, seriously injuring Adam Wozniak, who was an infant at the time. Claffey received treatment during a hospitalization from June 30, 1993 to July 9, 1993 at the New Britain General Hospital for alleged seizure symptoms. Approximately two months later on September 25, 1993, Claffey intentionally drove his vehicle into the Wozniak family.
Mrs. Wozniak and her children have made claims of physical injuries and emotional distress. Mr. Wozniak has made a claim for loss of consortium. Adam, now seven years old, remains seriously injured. Reportedly, he has not advanced from the three-month old abilities he had at the time of the accident. He cannot sit or stand, and cannot speak. He cannot swallow, eat, toilet, dress or walk independently. His vision is severely impaired. The defendants claim that if a jury were permitted to view CT Page 7649 Adam, the jurors could not remained focused on the essential elements necessary to prove liability in a medical malpractice case: whether a legal duty existed between Dr. Lerer and Claffey and/or the plaintiffs; what treatment was required of Dr. Lerer to Claffey according to the standard of care; whether Dr. Lerer breached the standard of care in his treatment of Claffey; and whether such breach caused the plaintiffs' injuries.
There are no Connecticut cases which address the exclusion of a party under the circumstances presented in this case. However, most courts in other jurisdictions have adopted the reasoning of the Sixth Circuit Court of Appeals set forth in Helminski v. Ayerst Laboratories, 766 F.2d 208
(6th Cir. 1985). See Bremner by and through Bremner v. Charles,821 P.2d 1080 (Or. 1991); Reems v. St. Joseph's Hospital and HealthCenter, 536 N.W.2d 666 (N.D. 1995); Green v. North Arundel Hosp.Association, Inc., 730 A.2d 221 (Md.App. 1999). The Court in Helminski
held that a party does not have an absolute right to attend trial in a civil case.
In Helminski the minor plaintiff was allegedly injured in utero as a result of exposure to surgical anesthetic. The Helminski child did not speak, was not toilet trained, suffered permanent neurological impairment. Id. at 210. The Court held that "there may be occasions when the mere presence of a party would render the jury unable to arrive at an unbiased judgment concerning liability." Id. at 217. Helminski recognized two prerequisites to exclusion of a party from trial. First, the party must have no ability to understand the proceedings and/or aid counsel. Second, the proceedings must be bifurcated into a liability and a damages phase because a party's physical and mental condition allegedly caused by a defendant is clearly relevant to the issue of damages. There is no dispute that the prerequisites are present in this case.
Even if the prerequisites to exclusion exist, under Helminski, the party cannot be excluded unless the court determines that the party's mere presence would prevent or substantially impair the jury from performing its duties. Id. at 217. With agreement of all parties the court viewed a video tape prepared by the plaintiffs, which showed Adam Wozniak during a normal day. In the video tape Adam is the size of an average seven year old child, but exhibits the behavior of an infant. He cannot speak, routinely flails his head from side to side and wears a diaper. His mouth is always open and he often grunts. Adam does not appear to see. He does not ever focus his eyes anywhere, and one eyelid droops. He cannot sit or stand. Adam's physical state is made more pitiable by the fact that his face and body are those of very appealing child, who, but for the accident, would be riding a bike and playing tee-ball rather than existing in an infantile stage of development. Based on the foregoing, CT Page 7650 the court finds that Adam's mere presence during the liability phase of the trial would prevent or substantially impair the jury in performing its task of determining whether Dr. Lerer committed malpractice.
Plaintiffs assert that the right to attend trial is a constitutional right based upon the Connecticut Constitution, Article 1, § 19, which states, in pertinent part:
 The right of trial by jury shall remain inviolate, the number of such jurors, which shall not be less than six, to be established by law . . . In all civil and criminal actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. The right to question each juror individually by counsel shall be inviolate.
This provision is completely silent on a party's right to attend trial. It merely guarantees a jury trial and the right to individually challenge jurors. There are no Connecticut cases that have interpreted this provision as providing parties an absolute right to attend trial. The plaintiffs rely on the case of Rozbicki v. Huybrechts, 218 Conn. 386,589 A.2d 363 (1991), to suggest a constitutional right, however,Rozbicki does not state that a party has an absolute right to attend trial. Rather, if' holds that a plaintiff who has the ability to assist his counsel during voir dire has a right to attend voir dire in order to prevent juror bias. As stated above, there is no dispute that Adam Wozniak has no ability to assist his counsel during any part of the trial.
The plaintiffs argue that Reems v. St. Joseph Hospital and HealthCenter, supra, which held that a two-step analysis of the issue is appropriate, is inapplicable here because North Dakota does not have a provision in its state constitution similar to Connecticut's provision regarding voir dire However, in Bremner By and Through Bremner v.Charles, supra, a constitutional provision did exist that guaranteed the right to trial by jury in a civil action. Id. at 1084 citing Oregon Constitution, Article VII (amended), Section 3. Like Connecticut, the Oregon Constitution also has a provision that provides:
 No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in person, property, or reputation. Oregon Constitution, Article I, Section 10.
CT Page 7651 Despite the constitutional provision regarding attendance at trial, the Oregon Supreme Court applied the test from Helminski and held that the disabled, minor child was appropriately excluded from the courtroom because his physical condition was so pitiable that the trial court properly found that his presence would prejudice the jury. Id. at 1085.
The plaintiffs state in their Objection that the Helminski court found it was error to exclude a child with injuries similar to Adam Wozniak's injuries. The Court held it was (harmless) error only because the plaintiff's exclusion was not based upon the court's observations, but merely upon the defendant's assertion of prejudice. Id. at 218. As stated above, the ruling of this court has been made based on the court's own observation of Adam Wozniak.
Plaintiffs do not contend in their objection that Adam Wozniak has an absolute right to attend the liability phase of the trial. However, they state that Connecticut has addressed the issue of the circumstances under which a party may be excluded for "over eighty years" and that all these decisions are against Dr. Lerer's position to exclude Adam Wozniak. In support of their argument, plaintiffs cite only two cases, Anderson v.Snyder, 91 Conn. 404, 99 A. 1032 (1917) and Rozbicki v. Huybrechts,218 Conn. 386, 589 A.2d 363 (1991).
Neither Anderson nor Rozbicki involved a party who had no ability to comprehend the trial proceedings. The Anderson court's reasoning in holding that the defendant should have been permitted to attend the plaintiff's deposition was based upon the fact that the cross-examining attorney could not "know all his client knows" and the client must be present to assist his attorney. Id. at 1033.
Plaintiffs' reliance on Rozbicki is also misplaced. Rozbicki involved an attorney-plaintiff who was denied a trial continuance based on his desire to be present for voir dire because he was concerned that a prospective juror might be someone with whom he had previous adversarial dealings. Id. at 364. The Supreme Court affirmed the Appellate Court's holding that the plaintiff was entitled to a new trial. However, the cases that the Rozbicki court cited pertained to the significant role that a party may play at voir dire. "It is not unlikely that a party may recognize, during voir dire, a potentially prejudicial relationship that might pass unnoticed by his counsel." Id. at 365. This reasoning is clearly inapplicable to the present case.
For the foregoing reasons, the defendants' Motion in Limine is granted.
By the court, Aurigemma, J. CT Page 7652