PRELIMINARY RULING
 I. INTRODUCTION
At the first case management conference in this matter, the parties requested that the court address two issues: (1) whether a corporation may change the designated corporate representative from one deposition to the next, and (2) whether a deposing party may exclude corporate witnesses from the deposition of the corporate representative. At the request of the court, the parties provided written legal argument on those issues. This matter is before the court in the nature of a joint request for a preliminary ruling.
 II. FACTUAL HYPOTHETICAL
The parties addressed a specific factual hypothetical:
1. Defendant (taxpayer) is a corporation.
 2. Plaintiff (the county) will depose the president (President) and the secretary (Secretary) of the corporation.
 3. At the deposition of President, taxpayer desires to designate Secretary as its corporate representative to witness the deposition. At the deposition of Secretary, taxpayer desires to designate President as its corporate representative to witness the deposition.
The county argues that taxpayer must elect one corporate representative who, the county agrees, may be present at all depositions.[1] The county also desires to exclude other deposition witnesses from the deposition of the corporate representative.
 III. ISSUES
A. May a corporation change its designated corporate representative from one deposition to the next?
B. May a deposing party seek to exclude corporate witnesses from the deposition of the corporate representative?
 IV. ANALYSIS
A. Designation of a Corporate Representative
The county has indicated that it intends to depose President and Secretary. The county prefers that taxpayer select one corporate representative for the depositions. Taxpayer desires to designate President as its corporate representative for the purpose of witnessing Secretary's deposition; taxpayer would then designate Secretary as its corporate representative to witness President's deposition. The parties cite to the same legal authority to support their conflicting positions.
Taxpayer asserts that it may designate more than corporate representative on the basis of Tax Court Rule (TCR) 39 C(6), which provides that a corporation may "designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf." That assertion is misplaced. TCR 39 C(6) merely permits a corporation to designate fact witnesses for the purpose of deposing the corporation. In that regard, TCR 39 C(6) indicates that a corporation may designate more than one "corporate witness," a concept different from a "corporate representative" as contemplated in Oregon Evidence Code (OEC) 615, which provides in pertinent part:
 "At the request of the party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does not authorize exclusion of:
"* * * * *
 "(2) An officer or employee of a party which is not a natural person designated as its representative by its attorney;
 "(3) A person whose presence is shown by a party to be essential to the presentation of the party's cause * * *."
Taxpayer asserts that OEC 615 may provide a basis for it to designate more than one corporate representative. Although Oregon courts have not addressed whether OEC 615 controls in the context of a pretrial deposition, taxpayer concedes that OEC 615 is applicable.[2] Citing to federal case law, taxpayer asserts that the court may, in its discretion, allow for more than one corporate representative. See Breneman v. Kennecott Corp.,
799 F3d 470, 474 (9th Cir. 1986). The county contends, however, that OEC 615 permits taxpayer's attorney to only designate one corporate representative. The court agrees with the county's reading of OEC 615 and, in its discretion, concludes that taxpayer may only designate one corporate representative.
Finally, taxpayer asserts that both President and Secretary qualify as "person[s] whose presence is * * * essential to the presentation of [taxpayer's] cause." OEC 615(3). Taxpayer bases that assertion on its claim that each individual has "knowledge of unique facts necessary to its case." (Def Memo at 5.) Even if President and Secretary have knowledge of facts unique to their personal experiences with the corporation, such unique factual knowledge does not provide a basis for the court to find that both individuals are people whose presence is essential at the deposition of a corporate witness. See, e.g., Oliver B. Cannonand Son, Inc., v. Fidelity and Casualty Co. of New York,519 F. Supp. 668, 678 (D. Del. 1981). The court concludes, therefore, that neither President or Secretary qualify as an essential person under OEC 615(3).
In summary, the court concludes that taxpayer may designate one corporate representative in the context of pretrial depositions of its corporate witnesses. Moreover, the court concludes that taxpayer may not designate a different corporate representative for separate depositions of corporate witnesses. If it elects to designate a corporate representative, taxpayer may designate only one corporate representative for pretrial depositions.
B. Exclusion of Corporate Witnesses
As taxpayer notes, depositions are generally open to the public. See Union Pac. R.R. Co. v. Dept. of Rev., 10 OTR 235,247 (1986). The court may limit the openness of a deposition, however, upon motion by a party. See TCR 36 C. See also UnionPac. R.R., 10 OTR at 247. The court concludes, therefore, that the county may move to exclude corporate witnesses from the deposition of the corporate representative pursuant to TCR 36 C.
Taxpayer asserts that the county may not now move for a protective order pursuant to TCR 36 C because the county deposed President and Secretary previously at the Magistrate Division. That argument is misplaced because proceedings in this division are de novo.
ORS 305.425.[3]
Taxpayer further asserts that the court must deny a request from the county for a protective order because the county has failed to show good cause. The county has not moved for a protective order; rather, the parties, in part, have asked the court for a preliminary ruling on the issue of whether the county may exclude corporate witnesses from the deposition of a corporate representative. Taxpayer's arguments relating to a motion that the county may file are not justiciable at this time .
The court concludes that corporate representatives may witness any deposition because those proceedings are generally open to the public. If the county desires to exclude a corporate witness from the deposition of the corporate representatives, the county must comply with the rules of the court related to the filing of a protective order.
 V. CONCLUSION
Based on the foregoing, the court concludes that taxpayer may, at this time, designate only one corporate representative to witness the depositions of corporate witnesses. Furthermore, absent a protective order, corporate witnesses may attend the deposition of the corporate representative.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON MARCH 22, 2005, AND FILE STAMPED ON MARCH 22, 2005. THIS IS A PUBLISHED DOCUMENT.
[1] The county's agreement that the corporate representative may be present at the deposition of other corporate witnesses makes it unnecessary to decide whether a deposing party may seek to exclude a corporate representative from the deposition of a corporate witness. See Adams v. Shell Oil Co. ( In re ShellOil Refinery), 136 FRD 615, 617 (ED La 1991). See also Lee v.Denver Sheriff's Dep't, 181 FRD 651, 653 (D Co 1998).
[2] The federal courts are split on whether Federal Rule Evidence (FRE) 615 applies to pretrial depositions. CompareLumpkin v. Bi-Lo, Inc., 117 FRD 451, 453 (M.D. Ga. 1987) (finding that FRE 615 does apply to depositions) with BCICommunications Sys., Inc. v. Bell Atlanticom Sys., Inc.,112 FRD 154, 159 (N.D. Ala. 1986) (finding that parties are not entitled to invoke FRE 615 as a matter of right in depositions). Other state courts are also split on whether their state evidence rules that are similar to FRE 615 or OEC 615 apply to pretrial depositions. See, e.g., Hamon Contractors, Inc., v. Dist. Courtof the First Judicial Dist., 877 P2d 884, 888 (Colo. 1994). For the purposes of this preliminary ruling, the court does not address the issue of whether OEC 615 controls in the context of pretrial depositions.
[3] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.